By the Court. Bosworth, J.
It is objected that the plain *169 tiff has improperly joined in the action the surviving obligors and the personal representatives of their deceased co-obligor.
The facts on which the objection is based, appear upon the face of the complaint. If the objection supposed to exist is, that several causes of action are improperly united, the only mode by which advantage could be taken of it, was by demurrer. (Code, §§ 144, 147, and 148.) It was not so taken in this action.
The only effect of omitting to present to an executor or administrator, a claim against his testator or intestate, within the six months prescribed by § 31 of 2 R. S., p. 88, is to limit the recovery in a suit subsequently brought by such a creditor, to the amount of such assets as may be in the hands of the administrator or executor at the time such suit is commenced, and to deprive him of all right to recover costs. (2 R. S. 89, §§ 39,40, and 41.)
The right of action is not barred where the claim was not presented at all, but only where it was presented and disputed, or rejected, and neither referred nor prosecuted within six months after being disputed or rejected. (§§ 38, 39,10, and 12.)
The initiatory proceedings before the surrogate to compel Ann C. Baggott to appear and render an account, conformed to the statute. She appeared and presented her account, and such proceedings were had that he made a decree, directing her to pay, on account of the assets she had received, a certain sum to the plaintiff. She appealed to the Supreme Court, and that court affirmed the decree. Hie judgment of the Supreme Court remains in full force and effect, and the surrogate, in obedience to the mandate of that court, decreed she should pay the sum originally decreed to be paid, with interest and costs.
We have no doubt that she is concluded by the order appealed from, and its affirmance by the Supreme Court, and is now estopped from alleging any error or defect in the. proceedings before the surrogate.
Whenever any order is made by a surrogate, in respect to the administration of an estate cognizable by him, which concludes the administrator, the sureties of the latter are also concluded by it.
This is more than a mere bond of indemnity. The condition *170 of it is, that their principal “ shall obey all orders of the surrogate of the city of New York, touching the administration of the estate committed to her.” It is equivalent to a covenant to pay all judgments that maybe recovered against her for a specified cause.
The making of. the order for payment of a certain sum, and refusal to pay, or the recovery of a judgment and non-payment, give an immediate right of action, and the order or judgment concludes the surety or covenantor, until impeached and avoided for fraud. (Chace v. Henman, 8 Wend. 452; Rockfeller v. Donnelly, 8 Cowen, 628; Jackson v. Griswold, 4 Hill, 532; People v. Falconer, 2 Sand. S. C. R. 81.)
There is no attempt to impeach and avoid the surrogate’s order for fraud; There is no attempt to impeach its intrinsic justice.
The objection, that the surrogate’s order of May 14, 1850, did not constitute the assignment of the bond contemplated by the statute is, We think, untenable. The surrogate was not a party to the bond, and, in the nature of things, could not execute an assignment fts an obligee.
He commonly acts by order, and this order, by its terms, “assigns” it, “for the purpose of being prosecuted.” This is in substance and effect the only assignment contemplated by the statute.
notwithstanding the assignment, he retains the custody of it, for the common benefit of all persons having claims against the estate. The assignment contemplated by the statute is in effect only the grant of a permission or authority to prosecute the bond.
We see no objection to the action being brought in the name of the plaintiff. It is a useless proceeding to bring it in the name of “the people, on the relation of Edward Baggott.”
Whether sued in the name of the party for whose benefit it is ordered to be prosecuted, or in the name of the people, the same facts are to be stated, the same number of separate suits may be had, and the consequences are the same, in either case, to” the sureties.
The common law rule, that an action on a bond must be brought in, the name of the obligee, whoever may be the own *171 er, is abrogated by the Code. It must now be brought “in the name of the real party in interest.” (Code, § 111; 2 R. S. 476 ; Title 5 of chap. 8, part 3; Code, § 471.)
The plaintiff is the real and only party in interest prosecuting the action. The Code says that he may sue in his own name.
If a defect, it is a defect of parties, the defect being not that his name appears as a party, but that the people are not named with him as the parties prosecuting “on his relation.” This defect, if it be one, appears on the face of the complaint, and is not objected to by demurrer. (Code, § 144.)
We concur in the opinion that the plaintiff is entitled to a judgment on the verdict.
The claim not having been presented to the defendants, as required by § 34 of 2 R. S. 88, the plaintiff is not entitled to costs to be collected of the estate of John Boulger, dec’d, or from his executrixes personally. (2 R. S. 90, § 41; Code, § 317.)
A judgment will be entered in proper form for the amount of the verdict .against Margaret Boulger and Ann Boulger, executrixes, &c.