THE PEOPLE on the relation of DEMAREST *a.* LAWS.

*Supreme Court, Second District; Special Term, November,* 1856.

ADMINISTRATION BOND.—DEMURRER TO ANSWER.—IRRELEVANT MATTER.

An action prosecuted under Laws of 1830, ch. 320, § 23, (2 *Rev. Stats.,* 4 *ed.,* 300, § 19,) upon an administration bond, made to the people of the State, under the provisions of 2 Revised Statutes, 77, § 42, should be brought in the name of the People.

What defences are sufficient, and what are insufficient, in an action upon an administration bond, prosecuted by a creditor by leave of the Surrogate, for failure of the administrator to pay a debt which the Surrogate has decreed that he shall pay.

No notice is necessary to be given to sureties of an administrator, of proceedings before the Surrogate to compel an administrator to pay a debt of the intestate.

Demurrer to portions of an answer, and motion to strike out other portions as irrelevant and redundant.

This action was brought by the People upon the relation of Henry Demarest, against George Laws, John Bennett, and John Montgomery. The action was upon an administration bond, given in 1852 by the three defendants, upon the ap-

The People on the relation of Demarest a. Laws.

pointment of George Laws to be administrator of the estate of David E. Mosier.

The complaint, after setting out the making of the bond and the contents of it in the usual way, averred that Demarest, the relator, being a creditor of Mosier, procured a citation to be issued by the surrogate of Kings County, by whom the appointment of Laws as administrator was made, requiring him to appear before the surrogate and show cause why he should not be decreed to pay the amount of relator's claim— nine hundred and forty-nine dollars and thirty-five cents; that the administrator having appeared, he was on further proceedings decreed, August 16, 1855, to pay the debt claimed, out of the assets of Mosier or otherwise,—that he failed to make the payment decreed,—and that upon proof of his refusal the surrogate directed that the bond should be prosecuted, and that the amount of the debt, interest and costs should be collected upon it, and applied to the satisfaction of the decree; &c., &c.

The answer of defendants was in substance as follows:—

1. A general denial.

2. That the relator had no valid claim against the estate of Mosier.

3. That there were not any funds or assets belonging to the estate of Mosier, and had been none since his death.

4. That the relator had not taken the proper proceedings to charge the administrator as claimed.

5. "That no notice of any proceedings upon which said pretended order of August 16, 1855, was made, was served upon or received by said Laws, *or either of said defendants*, that said surrogate had no jurisdiction in the premises by reason thereof, and that said pretended order is invalid and of no effect."

The plaintiffs demurred to the second and third defences set up, for insufficiency; on the ground that the decree of the surrogate conclusively established that there was a valid claim, and that there were assets.

The plaintiffs also moved to strike out the fifth defence as irrelevant.

The demurrer and the motion were heard together.

*Jesse C. Smith*, for plaintiffs.

*H. D. Birdsall*, for defendants.

BIRDSEYE, J.—The objection, so strenuously urged by the counsel for the defendants, that this action is wrongly brought in the name of the People, cannot avail him—And for two reasons :—

The Code, (§ 144, *subd.* 4,) allows a demurrer to the complaint when it appears on the face of it that there is a defect of parties, plaintiff or defendant. And by section 148, the failure to take that objection, either by demurrer or answer, (neither of which has been done in this case,) is a waiver of it.

But, again, the action is rightly brought in its present form. The bond sued upon was a contract made to the people of the State. (2 *Rev. Stats.* 77, § 42.) It is prosecuted, under section 23, of chapter 320, of the laws of 1830, (see same in 2 *Rev. Stats.*, 4 *ed.*, 300, 301, § 19,) by order of the surrogate, and for the benefit of a creditor of the intestate's estate who has obtained a decree against the administrator for the payment of a debt. But the bond is still a contract with the people of the State. They will still hold it, after the collection of that decree in this suit, for the benefit of all other persons who may have claims against this estate, similar to those of the relator. The surrogate's order is a mere order upon the *prosecution* of the bond ; not for an *assignment* of it. The case is not like that of Baggott *v.* Boulger, (2 *Duer*, 160.) There, after the decree had been made by the surrogate for the payment of money by the administratrix, a certificate, pursuant to section 63, of chapter 460, of the laws of 1837, (see 2 *Rev. Stats.*, 4 *ed.*, 421, § 17,) was made by the surrogate; and it having been filed and docketed in the county clerk's office, an execution thereon was issued and returned unsatisfied. The surrogate thereupon assigned the bond to the person in whose favor the decree was made, for the purpose of being prosecuted, pursuant to section 65 of the same chapter, (see 2 *Rev. Stats.*, 421, § 18, 4 *ed.*) It was held in that case that the suit on the bond was properly brought in the name of the person for whose benefit the prosecution was directed. Of the

correctness of that ruling I see no room for doubt. But it does not sustain the objection taken in this case. This action is brought under a different statute, and the surrogate's order was different; merely allowing a prosecution of the bond, and not directing any assignment of it. The action ought therefore to have been brought in the name of the people, the obligees, as plaintiffs. The contract was made to them. Since the order for its prosecution, it appears to have been so made for the benefit of the relators. And the people are accordingly trustees of an express trust, within section 113 of the Code, and may sue as such. The complaint in this case first sets out the contract sued on. The condition of it was that the administrator should obey all the orders of the surrogate of the county of Kings, touching the administration of the estate committed to him. The complaint then avers the making of a decree by such surrogate for the payment of a debt due the relator from the administrator, the refusal and omission of the administrator to perform that decree, and the surrogate's order for the prosecution of the bond. These facts constitute a breach of the contract, and show the authority to sue. A complete right of action is thus made out.

The defendant may show, in defence of that action, either that the bond was not made, or that the decree was not made; or, if made, that there was no failure by the administrator to perform or obey it; or that there was no order for the prosecution. But he cannot set up as a defence that the surrogate erred in making the decree mentioned in the complaint; or that he wrongly adjudged that Demarest had a claim, when in fact there was no such claim, and it had been paid in the lifetime of the intestate; or that there in fact were no assets, although the surrogate has decided that there were assets, and that they should be applied to the payment of the relator's debt.

If any such errors as these were committed by the surrogate, the statute has provided a method of correcting them by an appeal from his order or decree. But until reversed upon appeal, his decree is final and conclusive—as much so as the judgment of this court. It cannot be reviewed collaterally. And an answer which seeks merely to review the surrogate's

decree on either of these points, is wholly insufficient. I can see no other object or effect than this in the second and third defence in the present answer. In making the decree, the surrogate must have decided that Demarest had a claim against the estate, that it had not been paid or discharged, and that there were in the hands of the administrator assets applicable to its payment. His judgment on each of these points is, as before said, conclusive, except upon appeal. These portions of the answer are, therefore, insufficient, and the demurrer must be allowed with costs, but with leave to amend on the usual terms.

The fifth portion or defence of the answer is mainly a specific denial of a matter which was already generally denied in the first clause of the answer. It can hardly be said that both denials are necessary. But the effect of the second one is merely to call more special attention to the alleged defect of a want of notice, and it is a proper foundation for the further objection specifically pointed out, of a want of jurisdiction in the surrogate to make the decree in question. It seems proper, therefore, that this defence should be allowed to stand. But that clause in it which denies that notice of the proceedings which led to the surrogate's decree was served on " either of said defendants" must be stricken out. It is wholly immaterial. It is the denial of a matter not alleged. No such notice was required to be given to the sureties of the administrator. They were concluded by whatever concluded him. (Baggott *v.* Boulger, 2 *Duer*, 169, 170.) They had covenanted that their principal should obey all orders of the surrogate touching the administration of the estate committed to him. It is, in effect, a covenant to pay all the judgments recovered against him for a specific cause.

The demurrer is allowed with costs. And the words " or either of said defendants," must be stricken out of the fifth clause of the answer.