THE PEOPLE on the relation of DEMAREST *a.* LAWS.

*Supreme Court, Second District ; General Term, March,* 1857.

PARTIES.—SUIT ON ADMINISTRATOR'S BOND.

An action prosecuted under Laws of 1830, ch. 320, § 23 (2 *Rev. Stats.,* 4 *ed.,* 300, § 19), upon an administration bond made to the People of this State, under the provisions of 2 Revised Statutes, 77, § 42, is properly brought in the name of the People; the individual immediately interested in the recovery being joined as relator.

Appeal from a judgment of the special term allowing a de- murrer to an answer.

The answer in this case contained five defences. The defend- ants demurred to the second and third defences, for insufficiency, and moved, also, to strike out the allegations forming the fifth defence, as irrelevant. The demurrer and motion were argued together at the special term, and the decision rendered, allowing the demurrer, and granting the motion, in part, is reported (2 *Ante,* 450). The facts of the case are there fully stated.

The defendants now appealed from the judgment allowing the demurrer.

*H. D. Birdsall,* for the appellants.

*Jesse C. Smith,* for the respondents.

BY THE COURT*—S. B. STRONG, J.—The defendants (Laws as principal, and Montgomery and Bennett as sureties) executed to the People a bond, with a condition that Laws, as administrator of the personal estate of one Mosier, should faithfully execute his trust, and should obey all orders in the matter to be made by the surrogate of the county of Kings, by whom he had been appointed. The complaint sets forth that the relator *being a creditor* of Mosier, in due time, and after proper preliminary proceedings, presented a petition to the surrogate asking for a citation, which was issued, and served upon Laws, directing him

---

* Present, S. B. Strong, Birdseye, and Emott, JJ.

to show cause why the surrogate should not decree the payment by him of the plaintiffs' debt; that no sufficient cause to the contrary being shown, the surrogate had decreed the payment of the debt, with costs ; that Laws had omitted and refused to pay such debt and costs, and that the surrogate had, therefore, on the application of the relator, directed that the bond should be prosecuted for the recovery of the relator's debt and costs, with the costs of suit, and that the amount recovered should be paid in satisfaction of the surrogate's decree. The plaintiffs aver that no part of such debt and costs has been paid, and that the defendants are indebted to the plaintiffs in the entire amount specified in the decree, with interest, for which judgment is demanded.

The defendants, Montgomery and Bennett, after denying each and every allegation contained in the complaint, allege that the relator had no claim against Mosier's estate, and that there were no assets belonging to such estate.

The plaintiffs demur to so much of the answer as is contained under such second and third specifications, for insufficiency, on the ground that the defendants are precluded, by the surrogate's decree, from setting up either of those defences.

The learned judge at the special term allowed the demurrer, with costs, and thereby overruled such second and third attempted defences. In this he was clearly right. As the surrogate had confessedly jurisdiction, his decisions upon the questions necessarily involved in the matter before him, were conclusive upon the administrator;* and if upon him, it is well settled that they were equally so upon his sureties. The indebtedness of the demand to the relator is mentioned by way of recital or inducement, and the possession of assets, if stated at all, is merely inferentially, and in neither case is there a direct, substantial averment which would justify an answer, especially upon matters not properly controvertible.

The defendants are right in supposing that they could, upon the argument of the demurrer to parts of their answer, avail

---

* The rule is, that there can be no averment in pleading, against the validity of a record, though there may be against its operation ; and in a suit on a judgment, no matter of defence can be pleaded which existed anterior to the judgment. (See Biddle *v.* Wilkins, 1 *Pet.*, 686–692.)

The People on rel. Demarest a. Laws.

themselves of any well-founded objection to the sufficiency of the cause of action, as set forth in the complaint.    It is also true, as the defendants contend, that the relator is, so far as this suit goes, the real party in interest.    I am inclined to think, however, that the provision in the Code requiring that the action should be brought by the actual party in interest, is satisfied, in suits upon official bonds given to the People, where, as in this case, they are named as plaintiffs, upon the relation of the proprietor of the claim.    In such cases the defendants cannot be prejudiced by the procedure, as the relator would, if unsuccessful, be responsible for the costs.    It is true that, in other cases, he for whose benefit the suit was instituted might be equally responsible, but the interest of third parties, who are not named, is not always discoverable.    Besides, these official bonds are not · actually assigned, but the moving parties are authorized to institute suits upon them.    They are still held by the obligees or their officers, for the benefit not only of the moving party, but of all others who may have similar claims to enforce.    As to all such, the People are still the effectual trustees.    The case cited by the defendants' counsel (Baggott v. Boulger, 2 *Duer*, 160) merely decides that in those suits on administrator's bonds the creditor *may* be made the plaintiff—not that he *must* be.    If that judgment was right (about which, however, I express no opinion), it would not sustain the defendant's objection here.*

The order should be affirmed, with ten dollars costs.

EMOTT, J.—I am strongly of the impression that the learned justice was right in holding as he did, that this action was properly brought in the name of the People.    But I do not think that question is presented on this demurrer.    The difficulty which the counsel for the defendants supposes to exist in this case, is that the action is improperly brought in the name of the People, who although a trustee, are not such a trustee as the Code permits to bring an action in the name of the trustee and

---

* It will be seen that the two statutes are entirely different.    The one under which this action is brought (*Laws of* 1830, *ch.* 320, § 23.    See same in 2 *Rev. Stats., Part* 2, *ch.* 6, *tit.* 5, § 19, *p.* 300, of 4 *ed.*) authorizes the surrogate to " *cause the bond to be prosecuted.*"    The other statute (*Laws of* 1837, *ch.* 460, § 65. See same in 2 *Rev. Stats.*, 421, 4 *ed.*) directs the surrogate to " *assign the bond,*" " *for the purpose of being prosecuted.*"

not of the cestui que trust. This is not a defect in the statement of a cause of action.. It is simply a defect of parties,—cause of demurrer specially if the objection be well taken, but if not raised by demurrer then waived (*Code*, 148). As to all such objections, the old rule that on a demurrer the judgment must go against the party committing the first fault, does not apply. These objections are not raised by a demurrer on the part of the party who has committed such faults, after the statute has declared that his adversary waives them, if he do not demur for that cause.

The judgment of the special term should be affirmed, with costs.