## NEW YORK SUPERIOR COURT.

GEORGE IRELAND, JR., executor, &c., appellant agt. ELISHA C. LITCHFIELD, respondent.

Where a plaintiff dies after final judgment in his favor and before execution issued, his executor or administrator may have the same remedy by action, to enforce the judgment, as was obtainable by *scire facias* prior to the *Code*.

*Before* BOSWORTH, *Ch. J.* and WOODRUFF, *J.*
*Heard Nov.* 14*th*, *decided Nov.* 30*th*, 1861.

THE plaintiff, in his complaint, alleges that Edward Cook, in his life time, and on the 13th day of January, 1859, recovered a judgment in this court against said Litchfield,

for $2,374.52 ; the docketing of it and filing a transcript thereof; the issuing of an execution and its return unsatisfied, in Cook's life time ; the subsequent death of Cook, leaving a last will and testament, which has been duly proved, &c. ; that the plaintiff is his sole acting executor; that more than a year has elapsed since Cook's death; that the whole amount of the judgment is unpaid, and prays " judgment that this action be continued in his name, and that he may have leave to issue a new execution upon such judgment, and to continue this action with the like effect as if the said Edward Cook were still living," &c. An answer was put in controverting some of the allegations of the complaint. The facts stated in it having been proved at the trial, the defendant took the position that the present action is not authorized by law, and is unnecessary for any purpose ; that at all events no judgment could be given beyond simple leave to issue execution, and that the plaintiff was not entitled to costs. WOODRUFF, J., before whom the trial was had, gave judgment for the plaintiff, with costs of the action. The defendant excepted to the decision and appealed from the judgment to the general term.

CHARLES TRACY, *for appellant.*

ED. RANDOLPH ROBINSON and WM. CURTIS NOYES, *for respondent.*

By the court, BOSWORTH, Ch. Justice. By the laws in force when the Code took effect, if a plaintiff died after final judgment in his favor, but before execution issued, no execution could be issued on the judgment until it had been revived by *scire facias* at the suit of his personal representatives. (2 *Saunders, p.* 6, *note* 1, *and id., p.* 72, m ; 72, n, *and* 72, o ; *Gra. Pr.*, 806 ; *Troup* agt. *Wood*, 4 *John. Ch. R.*, 247–249 ; *Baldwin* agt. *Hale*, 17 *John. R.*, 271 ; *Murphy* agt. *Cochran*, 1 *Hill*, 339 ; *and* 2 *R. S.*, 576, §§ 2 *and* 3 ; *id.*, 386, § 2.)

Section 428 of the Code abolishes " the writ of *scire façias*," the writ of *quo warranto*, &c. ; but it declares that " the remedies heretofore obtainable in those forms, may be obtained by civil actions under the provisions of this chapter."

As this section, in express terms, authorizes an action to be brought, there does not seem any basis to uphold an argument that one cannot be brought.

Section 283 [238] does not affect the question. It authorizes an execution to be issued as a matter of course, at any time within five years after the entry of judgment. By 2d *R. S.*, 365, § 1, one might be issued as a matter of course, within two years after filing the record of judgment. But in either case, and in one as well as in the other, if the plaintiff die before execution issued, it is essential that the judgment should be revived in the name of the personal representative of the deceased party.

Section 284 [239,] which provides that " after the lapse of five years from the entry of judgment, an execution can be issued only by leave of the court, upon motion," is only applicable where the parties to the judgment are living. Under any other construction sections 284 and 428 would conflict with each other. This construction is further favored by the provisions of section 284, which require that it be established " by the oath of the party" or other satisfactory proof, that some part of the judgment is unpaid, and that the motion be made " upon personal notice to the adverse party," unless he be absent, &c. The execution to be issued as a matter of course, under section 283, or pursuant to leave granted under section 284, must be in such form as section 289 prescribes. Section 289 requires that it be in the name of the party plaintiff of record, (if the judgment be in his favor,) and against the persons against whom the recovery was had.

Such an execution is not adapted to the cases provided for by 2 *R. S., pp.* 577, 578, §§ 5 *to* 11 *inclusive,*

Section 471 [390] declares that the second part of the Code " shall not affect  *  *  any existing statutory provisions relating to actions not inconsistent with this act, and in substance applicable to the actions hereby provided," &c. And § 428, while it abolishes the writ of *scire facias*, and other writs named in it, enacts that the remedies heretofore obtainable in those. forms, " may be obtained by civil actions under the provisions of this chapter." The fact that the subsequent sections of that chapter do not contain any provision in respect to an action to revive a judgment, does not restrict the remedy by action under it to those cases alone, which are specified in the special provisions found in that chapter. The cases thus specified are to be prosecuted under or subject to those provisions, as well as subject to the general provisions of the Code in relation to actions generally. The phrase, " under the provisions of this chapter," is not a limitation of the natural and ordinary meaning of the words immediately preceding it, but is merely designed to declare that the remedies theretofore obtainable by *scire facias*, although they may be obtained thereafter by civil action, shall be subject to the special provisions of that chapter, in respect to the cases to which such provisions relate.

In the opinion of the legislature nothing more was requisite, while abolishing the writ of *scire facias*, to revive a judgment and authorizing the remedy previously had under it to be obtained by action, than to retain by enactment the existing statutory provisions relating to the subject matter, not inconsistent with the Code, and in substance applicable to the actions provided for by it. It can hardly be supposed that it was designed the Code should repeal 2 *R. S.*, 577, § 3, or the substance of sections 6, 7 and 9 of the same title. To allow the remedy to be had by action which before the Code could be obtained by *scire facias* alone, is merely giving to the language of section 428 a

construction in accordance with its natural and obvious import.

To hold that section 428 gives no such remedy, and that section 121 prescribes the course to be pursued, requires an unnatural construction to be given to the latter section. The latter section applies to the cases of death, marriage, or other disability occurring between suit brought and judgment recovered. It is an unnatural use of language, to speak of a cause of action which has been prosecuted to judgment, as surviving or continuing after the death of a party to the judgment.

That section provides for the several cases covered by 2 *R. S.*, *title* 1, *chap.* 7, *part* 3, entitled " of the abatement of suits by death, marriage or otherwise, and of their revival," and by 2 *R. S.*, *pp.* 184, 185, §§ 113–126 *inclusive*, and meets some cases which the new system of practice made it expedient to provide for, and which were not reached by the Revised Statutes ; as allowing persons succeeding by actual transfer of the cause of action, to be substituted as parties, as well at law as in equity.

In *Joy* agt. *Martine.* (2 *Duer*, 654,) it was held that an execution upon a judgment could not be issued upon the application of the executors of a deceased plaintiff, upon motion. Although this is the decision of a single judge, it was made upon consultation with other judges of the court, and received their approbation. (2 *Duer*, 607, *note* a.) The decision was approved by Mr. Justice EMOTT, in *Wheeler* agt. *Dakin*, (12 *How.*, 537.)

Judge MITCHELL, in *Thurston* agt. *King*, (1 *Abb. R.*, 126,) held the remedy by action clear, and denied a motion, made by the executor of a deceased plaintiff, for leave to issue execution.

The Code has not unqualifiedly prohibited an action upon a judgment by one of the parties to it against the other ; and as this court has construed section 73, a *bona fide* assignee of a judgment may bring an action upon it with-

out obtaining leave of the court. (*Tufts* agt. *Braisted*, 4 *Duer*, 607 ; *and see Wheeler* agt. *Dakin*, 12 *How.*, 540.)

We think that the relief sought in this case, and which, prior to the Code, was obtainable only by *scire facias*, may now be had by action, and that section 428 of the Code expressly so provides.

But it is insisted that the court had no power to award costs. We think it a sufficient answer that (assuming the case is not one provided for by section 304 [259] of the Code) section 306 [261] confides it to the discretion of the court, whether to allow costs or not. With the exercise of that discretion, even if we have the power, we see no occasion to interfere.

The judgment must be affirmed. Ordered accordingly.