By the Court—Bosworth, Ch. J.
The judgment is in the form prescribed by 2 R. S., 378, § 10, [sec. 9.] That *320 statute, except as it is modified by the Code,, regulates the proceedings to be had in an action upon a bond for the breach of any condition other than the payment of money. This bond is of that character, not containing a condition in terms to pay money. (Lyon v. Clark, 4 Seld., 153.)
That statute allows but one suit on the bond; and provides that, if there be further breaches after judgment, a scire facias issue on the j udgment, &c., and also prescribes the mode of ascertaining thereby the damages. These provisions are intelligible and consistent where the party recovering the judgment is entitled to the damages for the subsequent breaches, or where the action may be brought, and all proceedings had, in the name of the obligee, although different persons are separately interested in the several breaches.
But if every person whom the bond is designed to protect may, in case of a breach violating his rights, sue in his own name and recover a judgment, it would seem that the judgment should be only for the amount of his damages. Otherwise there may be, in form, as many judgments for the amount of the penalty as there are suits and recoveries.
If the suit should have been brought in the name of the people, (the obligees,) the defect appeared on the face of the complaint. The defendants did not demur, but controverted some of the material allegations contained in it. This Court held in Baggott v. Boulger, (2 Duer, 160,) on a state of facts quite similar, that this defect, if it be one, cannot be availed of by an objection taken, for the first time, at the trial.
The only objection taken by the appellant on the argument of the appeal, is to the form of the judgment. It is insisted that the judgment should not have been given for the amount of the penalty, but only for the amount of the damages awarded, with costs.
There is no difficulty in assenting to this view, if it be law, that on a further breach occurring to the prejudice of *321 the plaintiff, he may bring another action on the bond. It seems to have been assumed in Baggott v. Boulger, (2 Duer, 170,) that a new action maybe brought on each successive breach,.whether the suit be in the name of the people or in the name of the actual party in interest. This, possibly, may not be accurate, if the suit be in the name of the people; and that it may be, has been held, since the decision of Baggott v. Boulger, (supra,) in The People v. Norton, 5 Seld., 176.
If a suit on such a bond may still be brought in the name of the people, (and The People v. Norton, supra, so holds,) there may be some difficulties in the proceedings in respect to breaches occurring after judgment, which the facts in The People v. Norton would not necessarily suggest, and which are not considered in that case. The Code, (% 428,) abolishes the writ of scire facias, and provides that the remedies heretofore obtainable in that form, may be obtained by civil action under the provisions of chapter two of title XIII, of part two of the Code.
Section 471, [390,] of the Code does not retain the remedies prescribed by article 2, of title 6, of chap. 6, of part 3 of the Bevised Statutes. It is difficult, therefore, to see how any remedies can be had under sections 13 and 14, [sections 12 and 13,] of that article, and it may be that § 428 of the Code would make a new suit necessary, in case of a. breach subsequent to judgment. We recently had occasion-to consider the effect of that section on the remedy by scire facias, as it existed prior to the Code, to revive a judgment. (Ireland v. Litchfield, 8 Bosw., 634.)
In this condition of the statutes, and in view of the decisions made under them, I see no objections to holding that the plaintiff may recover in this action the amount to which he is individually entitled by reason of the facts found, and that the judgment should be for that sum, with costs. In the case of an order of the Surrogate requiring different sums to be paid to different creditors, and a total failure to comply with the order, whether all the persons entitled to resort to a remedy upon the bond" should unite *322 in the action, or may sue separately, are questions that do not now arise. (See Dayton’s Surrogate, [2d ed., p. 548, or 3d ed.J p. 582.)
The judgment should be amended by striking out the words “ twenty thousand dollars of debt,” and inserting in lien thereof the words, “ the said snm of two thousand three hundred and eighty-six dollars and twenty-four cents,” and by striking out, after the word “ allowance,” all that follows down to, and includingthe words “ costs of this action,” and by adding to the end of the judgment, as it now reads, the words, “ and that the plaintiff have execution therefor,” and as thus amended, it should be affirmed, without costs of this appeal to either party.