MARGARET BRAMLEY, APPELLANT, *v.* STEPHEN FORMAN AND JOHN PETERS, IMPLEADED WITH OTHERS, RESPONDENTS.

*Separate certificates given under one decree by a surrogate* — 2 *R. S.*, 223, § 17 —
*Separate actions on administrator's bond.*

Where upon the final settlement of the accounts of an administrator, a decree is entered directing the payment of separate sums to several of the next of kin, the surrogate may, under 2 Revised Statutes, 223, § 17, issue separate certificates to each of such persons, upon which separate judgments may be docketed, and each of such persons may maintain a separate action upon the administrator's bond to recover the amount due to him or her.

APPEAL from an order setting aside a verdict in favor of the plaintiff and granting a new trial.

Samuel McCune was duly appointed the administrator of the estate of Catharine McCune, deceased, and on being appointed gave the usual administrator's bond, with the defendants as sureties. He afterwards became insolvent, and made an assignment for the benefit of his creditors, after which he rendered his accounts to the surrogate, and a decree was entered declaring certain amounts to be due to each of his five brothers and sisters, who, together with himself, were the only heirs and next of kin of the deceased. Separate certificates were issued under the decree by the surrogate to each of the brothers and sisters, and judgments were duly docketed thereon. Executions having been issued and returned unsatisfied, the plaintiff procured an order

from the surrogate assigning the bond to her, as far as her interests were concerned, and brought this action thereon to recover the amount due to her.

The defendants insisted that the surrogate had no power to issue separate certificates, but should have issued one certificate for the whole amount of the decree; that all of the brothers and sisters should have joined in the action, and further that a decision of the County Court in certain proceedings had on the assignment for the benefit of Samuel McCune's creditors prevented the action from being maintained.

*Gleason & Murray*, for the appellant.

*George Adee*, for the respondents.

*Per Curiam:*

The learned justice who tried the case set aside the verdict, for the reason that the surrogate made five separate certificates.

By the decree of the surrogate the administrator had been directed to pay a certain separate sum to each of five several parties, being five of the next of kin. One of these parties was the plaintiff.

On her application the surrogate gave a certificate, stating that a decree had been made in her favor against the administrator for the sum therein named. He gave similar certificates to the other four. The learned justice held that there should be only one certificate, which should state the several amounts to be paid to each. (Laws of 1837, chap. 460, § 63.) In this we think that he was in an error.

The plain object of the certificate is that the decree may be docketed in the county clerk's office and an execution issued thereon. It would seem that this object could be accomplished equally well, whether the certificate embraced all the several sums to be paid to different parties, or whether a separate certificate were given to each. The docketing could be done in either case.

The decree is several as to the parties. None has any interest in the amount awarded to any other. It is like a judgment awarding separate and several recoveries in favor of several par-

ties.  After the decree, the administrator might pay one party and not another.  The party who had been paid would not apply for a certificate, and it would be unjust that a decree should be docketed against the administrator for an amount which he had paid.  No possible harm is suggested which could arise from the giving of a separate certificate to each party to whom a sum is awarded; and there are some advantages.  It is to be observed further that the statute does not require a copy of the decree, but only a certificate, stating the names and the amount to be paid.  We think that the construction given to the statute by the learned justice was unnecessarily strict.

Two other grounds were urged by the defendants before the learned justice, which were overruled by him, but which are now presented to sustain the order.  The first is that the proceedings before the county judge were a bar to this action.  But the defendants misapprehend the meaning of the county judge's order.  He decided that a certain amount of the property of the estate was in the hands of the administrator at the time when he made his assignment in his insolvent proceedings.  This was not a decision that this amount was all which the administrator owed the estate at that time.  And, besides, the proceedings were against the assignees, and not against the administrator.

The remaining ground is that all the next of kin who had claims should have joined in the action.  We see no reason for this.  The claim and the interests of each are several, not in any way joint.  There is no reason why they should be compelled to bring a joint action.  One may be unwilling to put his interests in the control of another.  They may desire to employ different attorneys.  One may have been paid by the administrator before or after the time when application for the assignment of the bond was made to the surrogate.  These and other reasons which might be mentioned, show the objections to requiring a joint action.

Originally, of course, when causes of action were in theory not assignable, a suit on a bond was necessarily brought in the name of the obligee, even though he had in fact assigned it.  And the obligees, in such cases as this, are the people.  But now actions must be in the name of the real party in interest.  And originally, too, the judgment on a bond was for the whole penalty;

and thus it did not in form award to the party in interest the exact amount owing to him. Now the practice is different, and the successful plaintiff only receives the amount due to him.

We think, therefore, that the learned justice was right in holding that this last ground was no reason for setting aside the verdict. (*Casoni* v. *Jerome*, 58 N. Y., 321; *Baggott* v. *Boulger*, 2 Duer, 160.)

The order setting aside the verdict must be reversed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order reversed, with costs.