THE PEOPLE OF THE STATE OF NEW YORK EX REL. ALFRED BECAR, AS EXECUTOR, ETC., OF DEBORAH C. BECAR, DECEASED, RESPONDENT, *v.* LOUIS STRULLER, APPELLANT.

*Bond given by non-resident executor — action thereon, lies in the name of The People.*

Where a non-resident executor gives a bond to The People of the State of New York conditioned for the faithful discharge of the duties of his office, the people are trustees of an express trust, within the meaning of section 449 of the Code of Civil Procedure, and an action lies in their name to recover for a breach thereof.

*Baggott* v. *Boulger* (2 Duer, 170), and *Dayton* v. *Johnson* (69 N. Y., 419) distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*Wm. W. Badger*, for the appellant. The action being on a bond given to the people, and assigned to the creditor by order of the surrogate, must be in the name of that creditor, who is the only party in interest after such assignment. (Laws of 1837, ch. 460, § 65, 524; Code, § 113; see note at bottom of page 294 of

*The People* v. *Laws*, 4 Abb. Pr., 294; 3 id., 452; Redfield's Surrogate's Practice, 427, 428, 430; *Thayer* v. *Clark*, 48 Barb, 243; affirmed in Court of Appeals in same case and note; 4 Abb. Court of Ap. Dec., 391; *Baggott* v. *Boulger*, 2 Duer, 160; *Brewster* v. *Balch*, 9 Jones & Sp., 67–69.)

*E. More*, for the respondent.

DYKMAN, J.:

Eberhard Flues was the executor nominated in the last will and testament of Charles Hœronimus, who departed this life while a resident of Kings county, New York. On his application for letters testamentary under the will, it appeared that he was not a resident of the State, and for the purpose of procuring such letters to be issued to him, he, with the defendant and one Urban, executed and filed with the surrogate of Kings county a joint and several bond to the people of the State of New York, in the penalty of $20,000, conditioned that Flues should faithfully execute the trust reposed in him as such executor, and obey all orders of the surrogate of Kings county touching the estate committed to his charge. After regular proceedings for that purpose, the surrogate of Kings county made a decree directing Flues to pay to the relator, as executor of Deborah C. Becar, $2,225.70. Upon the failure of Flues to render obedience to this decree of the surrogate, an order was made by him, before the commencement of this action, assigning the bond to the plaintiff for the purpose of prosecution. Now, this action is commenced for the recovery of the claim allowed to the plaintiff, as such executor, by the decree of the surrogate already mentioned. By a stipulation of the appellant the only question presented for determination is whether the action is properly brought in the name of the people, or should have been brought in the name of the executor as owner of the claim, and the party in interest. On the trial the defendant's counsel moved to dismiss the complaint, on the ground that the action was improperly brought in the name of the people, and should have been brought in the name of Alfred Becar as executor, and that no cause of action existed in the people after the assignment of the bond by the surrogate's order. This motion

was denied, and exceptions were taken.   The objection was not taken, either by answer or demurrer, and the denial of the motion might well stand upon the ground that the objection was waived by not being pleaded.   At the same time it is proper enough that an examination should be made of the questions involved.   By section 111 of the Code of Procedure it was necessary to prosecute every action in the name of the real party in interest, except as provided in section 113, an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute might sue without joining with them the person for whose benefit the action was prosecuted.   Then follows the clause in section 113: A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another.   These provisions are substantially re-enacted by section 449 of the Code of Civil Procedure.

Now, as these bonds are executed to the people in the interest of persons who may have claims against the estate, the contract is made for their benefit, and the case is thus within the last clause of the statute, and there seems to be no reason why the action on such bonds should not be brought in the name of the people. The so-called assignment of the bond, by the surrogate's order, was not intended to and could not divest the people of the State of the ownership of the bond.   It was only intended thereby to give a right to prosecute the bond.   The case of *Baggott* v. *Boulger* (2 Duer, 170) was decided under the Code of 1849, and before the amendment of 1851 had added the last clause to section 113 above quoted, and is not an authority for a construction of the statute as it now stands.   In *The People* v. *Norton* (9 N. Y., 176), the Court of Appeals held that an action on the bond of a trustee and his sureties to the people of the State of New York, for the benefit of those interested in the trust estate, was properly brought in the name of the people, they being trustees of an express trust within the meaning of section 113.   This was after the amendment of 1851.   In the case of *The People* v. *Townsend* (37 Barb., 521), it was held that such an action as this, on the bond of an administrator, should be brought in the name of the people.   In the case of *Dayton* v.

*Johnson* (69 N. Y., 449), the Court of Appeals held that a public administrator, who had succeeded to the rights of a special administrator, and to whom the bond of the latter had been assigned for prosecution, may bring an action as public administrator upon the bond. This case was not precisely like the one now under consideration, and as the opinion was prepared by the same judge who wrote the opinion of the Supreme Court in the case of *People* v. *Townsend,* above mentioned, and contains no reference to that case, it is not probable that it was intended to question the correctness of the decision in that case.

Upon the whole, we think the action was properly brought in the name of the people, and the judgment should be affirmed, with costs.

BARNARD, P. J., and GILBERT, J., concurred.

Judgment affirmed with costs.