## N. Y. COMMON PLEAS.

In the Matter of the assignment of JOSEPH STOCKBRIDGE and HENRY F. MARTIN to ISAAC BRISTOW.

*Attachment not the proper remedy for the enforcement of a final decree in accounting — Code of Civil Procedure, sections 1240 and 14, subdivision 3.*

A final decree in accounting cannot be enforced by attachment. Such decree is only enforceable by execution

*Special Term, November,* 1879.

MOTION by Oscar Hoyt and others, creditors of the assignors, for an attachment against the assignee for failing to pay such creditors' distributive share pursuant to final decree or accounting.

Upon the final accounting of the assignee, pursuant to the general assignment act (*chap.* 318, *Laws of* 1878, *sec.* 20, *amending chap.* 466, *Laws of* 1877), a decree was made by this court charging the assignee with the sum of $8,205.97, and $1,458.74 interest, making a total of $9,664.21. After an allowance of certain credits, for expenses, &c., the decree directed the distribution of the balance (which was $7,131.08) among creditors therein named. Oscar Hoyt was to receive $100.56 ; Arnold E. Smith, receiver of C. B. Herrimen, $166.34 ; Isaac Petty, $182.14 ; Adams & Co., $51.30 ; Gregg & Woolner, $1,326.17 ; Edwin Walters, $509.51 ; Joseph Bensusan, $601.13 ; Schultze & Failer, $121.54 ; Buchanan & Co., $1,328.35 ; Clement Heerdt & Co., $201.94 ; Newcomb, Buchanan & Co., $815.39 ; W. M. Thompson, $67.32 ; William H. Starin, $1,099.20 ; and payment thereof to said creditors or their attorneys was directed to be made forthwith.

A copy of the decree was served on the assignee and a written demand made by James R. Adams, Esq., the attorney for

all the creditors above specified, for the sums awarded them. The assignee's answer to the demand was "that he had no money of the assigned estate referred to in said decree, and could not pay the money required to be paid by said decree or comply with its terms."

The said creditors then made this motion for an attachment.

The assignee, in opposition to the motion, alleges, by affidavit, that the funds of the assigned estate were collected and kept by the firm of which he was a member (George W. Kidd & Co.), and have ever since been retained by them; that George W. Kidd is one of the sureties on his bond, as assignee, and is amply responsible; that he, the assignee, has been expelled or excluded from the said firm by the other members thereof, and that he has commenced an action against the firm with the object of recovering the said trust funds, which action is still pending.

Affidavits are read by the creditors to show that the assignee has drawn out of the firm of which he was a member all the trust funds and all his capital, and that the other partners dissolved the copartnership with him for certain irregularities and misconduct.

An action against the sureties of the assignee is now prosecuted by the creditors.

*Samuel G. Adams*, for motion.

*Frank K. Pendleton*, for assignee.

J. F. DALY, *J.* — A final decree in accounting cannot be enforced by attachment. Provision for enforcing such a decree is expressly made by section 22 of the general assignment act (*Laws of* 1878, *chap.* 318, *section* 6, *amending sec.* 22 *of chap.* 466, *Laws of* 1877). It is there enacted that all decrees in proceedings under this act shall have the same force and effect, and may be entered, docketed and enforced, and appealed from the same as if made in an original action

brought in the county court. Judgments and decrees of the county court are enforced by execution where the judgment is for a sum of money, or " directs the payment of a sum of money " (*Code, sec.* 1240). The judgment being enforceable by execution, the court has no power to punish the party for not paying by fine and imprisonment (*Code, sec.* 14, *sub.* 3). Such was the state of the law prior to the Code (*Hosack* agt. *Rogers,* 11 *Paige,* 603).

The general assignment act above cited provides further (*sec.* 20) that the county judge may exercise such powers in respect to the proceedings and the accounting as a surrogate may, by law, exercise in reference to an accounting by an executor or administrator. It also provides (*sec.* 25) that the court may exercise the powers of a court of equity in reference to the trust and any matter involved therein. Giving these provisions the effect of controlling the mode of enforcing final decrees in accounting they do not confer the power of punishing by fine and imprisonment, disobedience to a final decree for the payment of money, since neither the surrogate nor the court of chancery could commit as for a contempt in such a case (*Matter of Watson,* 69 *N. Y.,* 536). Such decrees could be enforced only by execution against the property and against the body.

It is plain, however, that these provisions of sections 20 and 25 give this court full power to punish, by attachment, for contempt, disobedience to interlocutory orders for the deposit, payment or transfer of funds and property in the hands of the assignee or under his control, and for disobedience to final decrees other than for the payment of money (*Code, sec.* 14, *sub.* 3 ; *Matter of Watson ; Horack* agt. *Rogers, supra*).

Motion denied, but as the question is new in these proceedings, without costs.