Tappan, 7.
— The complaint alleges that on or about September 17, 1871, Catherine S. Bailey died, leaving certain real estate in the village of Waterford, Saratoga county, particularly described, having on the 23d day of February, 1866, made her last will, which contained the following clause, viz.:
“ Tenth. I direct and empower my executors, hereinafter named, to sell and convey all the real estate of which I shall die seized, for the best price that can be obtained for the same, and at such time or times as shall in their judgment be for the best interest of all concerned, and the proceeds arising *200 therefrom, together with the rest, residue and remainder of my personal property, and I give and bequeath to my said executors in trust as follows, the same to be by them safely invested and reinvested, and the interest and income arising therefrom to be by them annually, after the same shall be so invested, paid to my two said daughters, in equal proportions during their natural lives; that is to say, each of my said daughters shall receive one-half of said interest or income during her natural life, and upon the death of each of my said daughters the principal of which she shall have received or shall have been entitled to, interest or income aforesaid, shall be paid by my said executors to her then living children in equal proportions.”
Said complaint further alleges that by said will defendant Giles S. Brisbin, William S. Haight and Isaac 0. Ormsby were appointed executors, but neither said Ormsby or said Haight accepted such trust, but each renounced the same. The plaintiff, Fannie B. Haight, and Matilda S. Brisbin, wife of said Giles S. Brisbin, were the two daughters mentioned in the said will as aforesaid. That said will was duly proven and admitted to probate by the surrogate of Saratoga county, November 6, 1871, and said Giles duly accepted said trust and qualified as such executor under said will. That the said real estate above mentioned is mainly valuable for building purposes, and the same is not of much value for renting; and at no time since the death of said Catherine would it pay a net rent of three per cent upo.n its market value, or the price which it could be sold for; that said price and value has been decreasing ever since the death of said Catherine; of all which facts the said Giles had full knowledge. That said Giles neglected to sell said real estate as requested by the said plaintiff, and on the 4th day of November, 1882, the surrogate of Saratoga county upon her petition duly made and entered an order and decree, whereby it was decreed and determined that the circumstances of said Giles S. Brisbin were such that they did not afford adequate security to the persons interested, *201 for the due administration of the estate of the said Bailey, and that he should within five days after service of a copy of such decree execute to the people of the state of New York and file with such surrogate the joint and several bond of himself and two or more sureties in the penalty of $5,000 conditioned that he as executor and trustee under said will of said Bailey will faithfully discharge the trust reposed in him as such executor and trustee, and obey all lawful decrees and orders of the surrogate’s court touching the administration of said estate. That after the service of said decree and on November 13, 1882, said defendants executed the bond required by said decree, and duly filed the same with the said surrogate, who thereupon omitted to remove or supercede said Giles as such executor or trustee, but allowed and permitted him to remain as such. The complaint further alleges that said Giles has been guilty of gross neglect and bad faith in failing to sell said real estate, and to invest the proceeds as required and directed by said will. That in consequence of such negligence said plaintiff has suffered damages to the amount of $2,000.
That on September 8, 1884, an order was duly made by this court granting leave to plaintiff to bring and maintain an action in her own name for the breach of the condition of the said bond.
For a second cause of action plaintiff alleges that on or about July, 1883, plaintiff commenced an action in this court against the said Giles, as executor and trustee under said will, for neglecting to faithfully execute and discharge the trust reposed in him under said will; that the action was tried at a special term without a jury, and the defendants James C. Brishin and Morgan B. Moe were requested to attend the trial thereof, and were notified that it would be insisted that said defendants would be bound and concluded by the judgment therein. That said defendants, such sureties, did not appear in such action That afterwards, on the 'ith day of August, 1884, a judgment was duly recovered in said action by the *202 plaintiff against the defendant personally, for $147 damages and $152.52 costs, the roll of which judgment was filed and such judgment docketed in the clerk’s office of Saratoga county on that day. That on or about August 27, 1884, an execution against the property of the defendant in that action, and. against his property personally was duly issued and delivered to the sheriff of that county; that before the commencement of this action such execution was returned wholly unsatisfied, and such judgment remains wholly unsatisfied. Judgment is demanded against such defendants for $2,000 with interest and costs.
The defendants "James O. Brisbin and Morgan B. Moe demur to the complaint on the ground that it does not state facts to constitute a cause of action against them or either of them. The form of an administrator’s bond is provided by section 2667, Code of Civil Procedure. An executor’s bond should be in the same form (McClellan's Surrogates Ct., 344.) The bond set forth in the complaint is that of an executor and testamentary trustee; is in the same form as an executor’s bond and was authorized by law (Code Civ. Pro., seos. 2815, 2816). Plaintiff was one of the parties for the benefit of whom the bond was taken. After leave obtained from the court to prosecute, she could maintain an action in her own name thereon (Code Civ. Pro., seo. 814).
The contention of the defendants upon the argument was that by the terms of the bond and the provisions of law an action cannot be maintained until the defendant Giles has been required to account before the surrogate, and a decree made in that court requiring him to pay a certain amount to plaintiff as executor and trustee, and execution issued against his property returned unsatisfied. Many cases are cited where actions have been brought against the sureties of administrators, executors and general and special guardians, under the law as it was before the Code of Civil Procedure went into effect, in which this contention was sustained. Brown agt. Bulde (3 Lans., 283), and Hood et al. agt. Hood et al. (85 *203 N. Y., 561), are two of the more recent cases which decide the point involved. The condition of the bond is two-fold: First. That the defendant Giles will faithfully execute and discharge the trust reposed in him as executor and trustee under the will of Catherine S. Bailey, deceased; and, second. That he will obey all orders and decrees of the surrogate of Saratoga county touching the administration of the estate committed to him. Defendant Giles S. Brisbin is a testamentary trustee (Code of Civil Pro., sec. 2514, sub. 6). Such trustee may be compelled to render an account in surrogate’s court, upon the petition of any person interested in the estate or fund in his hands (Code of Civil Pro., secs. 2803, 2807, 2808). The liability for all moneys belonging to the trust fund, which may have come to the hands of the trustee must be established by an accounting before the surrogate, a decree made determining the amount, an execution issued against the property of the trustee and returned wholly or in part unsatisfied, before there is a breach of the branch of the condition to obey all orders of the surrogate (Code of Civil Pro., secs. 2553, 2554 and( 2607; Estate of Schofield, 3 Code of Civil Pro. R., 323). The first named portion of the condition wherein the defendants undertook that the defendant Giles S. Brisbin should faithfully execute and discharge the trust reposed in him as executor and trustee under the will of Catherine S. Bailey, deceased, is more comprehensive and is not controlled by the provision of the latter portion of the condition. It would seem that if there can be any breach of trust by the trustee, for which he could not be called to account in surrogate’s court, such breach would be embraced within the condition of the bond, and an action could be maintained upon it therefor. I do not think the trustee could be called to account for gross neglect and bad faith in failing to sell the real estate and invest the proceeds therefrom as required and directed in said will, or that any decree could be made against him for damages arising from such a cause (See tit. 6, art. 1, chap. 18, Code of Civil Pro., secs. 2802, *204 2820; Hulburt agt. Durant, 88 N. Y., 121; Riggs agt. Craig, 89 id., 471; Fiester agt. Shepard, 92 id., 251).
It is a general principle frequently decided by the courts, that contested claims cannot be litigated in surrogate’s court. It has been held in some cases that where it was impossible to obtain a decree for breach of the condition of an executor’s or trustee’s bond, an action could be maintained for such breach without such decree, by an injured party. The defendants who are sureties are concluded by the judgment against their principal (Douglass agt. Howland, 24 Wend., 35; Jackson agt. Griswold, 4 Hill., 522; Annett agt. Terry, 35 N. Y., 256; Baggett agt. Boulger, 2 Duer, 160 ; Casoni agt. Gerome, 58 N. Y., 315; Gerauld agt. Wilson, 16 Hun, 530; Hood agt. Hood, 85 N. Y., 578). The liability of the defendant Q-iles S. Brisbin has been established by the judgment of the court, upon which an execution has been returned unsatisfied. The sureties have had the benefit of substantially the same proceedings necessary to charge them for the failure of their principal to perform a decree of the surrogate (See opinion in Hood agt. Hood, 85 N. Y., 575 and cases cited). The following cases are cited as showing special circumstances which authorize an action against sureties on bonds of an administrator, executor, trustee or guardian, without any action or proceeding against the principal (Carow agt. Mowatt [2d ed.], chap. 57, 62; Williams agt. Kiernam., 25 Hun, 355 ; Haines agt. Mayer, 25 id., 414). Defendants have demurred to the whole complaint. If either count of the complaint is good, plaintiff should have judgment.
Judgment for plaintiff upon the demurrer.