McAdam, C. J.
At the time the action was commenced, the plaintiff was a citizen of the state of New York, and the defendant, an alien. .The claim exceeded $500 in amount, and the defendant, before the time for pleading had expired,, filed in the office of the clerk of this court a petition and bond for the removal of the action into the circuit court of the United States. The act of congress provides, that in order to effect such removal, the petitioner in the case must at the time of filing his petition therefor, offer in the state court “good and sufficient surety” for the petitioner’s “entering in the circuit court, on the first day of its next session, copies of the process, etc., and for paying all costs that may be awarded by the said circuit court, if said court shall hold that such writ was wrongfully or improperly removed thereto.” Dillon on Rem. of Causes, 65. The sureties are conceded to be good and sufficient, but the bond filed on the removal is made to “the people of the" State of New York,” and not, as it should have been, to the plaintiff in the action. See form in Wait’s Pr., 214; Dillon on Rem., 83. The bond is given exclusively for the benefit of the plaintiff, and his name should have been inserted therein as obligee. The bond filed, being to the people of the state, the people are made trustees of an express trust, and any *282 action thereon must be brought in their name (Annett v. Kerr, 2 Robt., 556; 28 How. P., 324; People v. Norton, 9 N. Y., 176; Bos v. Seaman, 2 Code R., 1; People v. Townsend, 37 Barb., 520; People v. Laws, 3 Abb. Pr., 450; 4 id., 292), although the party interested may be joined as relator. People v. Laws. 4 Abb. P., 292. The defendant had no right to appoint a trustee for the plaintiff, without his consent, nor to impose on him the circumlocutory duty of pursuing a remedy, through the medium of another having no interest or concern whatever in the transaction to which the bond relates.
The act of congress does not designate who is to be the obligee of the bond, but this was unnecessary, as the intent is transparent that the plaintiff, the only person in interest, should be named therein. I am aware that the state courts have not power upon technicalities to deprive the federal courts of jurisdiction conferred by the constitution and laws of the United States, and that they cannot arbitrarily refuse to receive bonds without giving the party an opportunity to -correct the same in any respect necessary to make them sufficient. Taylor v. Shew, 54 N. Y., 75; Mix v. Andes Ins. Co., 74 id., 53. But this bond was never presented to the court, and it had no opportunity of pointing out the defect before. The defendant attempted to avail himself of the act of congress under which the case is considered removed by the mere act of filing the petition and bond, without any action on the part of the state court and a removal can only be accomplished in this way by complying with all the prerequisite statutory requirements. The state court has power to determine the sufficiency of .the -sureties (Bump on Fed. Pro., 202) and consequently must decide whether the form of the obligation is sufficient to charge them under the act, (Mix v. Andes Ins. Co., supra) and this motion has given the court the first opportunity of passing on that question. It seems, however, that after the attempted removal of the cause, the defendant interposed a demurrer to the complaint, entitled in the ‘ ‘ United States circuit court,” which plea the plaintiff accepted, by admitting due service thereof. The acceptance of this plea, cured the irregularity in the bond, and made the jurisdiction of the United States circuit court complete. That court had jurisdiction of the subject matter, and the acceptance of the plea gave it jurisdiction over the parties. McCormick v. Penn. Cent. R. R. Co., 49 N Y., 303; Cooley on Const. Lim,, 3rd Ed., 505. This court in consequence has lost ail jurisdiction over the action, excepting the power to cancel the judgment improperly entered in this court after such removal. But for the admission given by the plaintiff and the consent which it implies, I would have *283 denied the motion to set the judgment aside for irregularity, but would have opened it on terms, one of which would have been the amendment of the bond nunc pro tune, to the end that the plaintiff might have the form of security, ■contemplated by the act authorizing the removal of causes to the United States circuit court. Under the circumstances however the motion to set aside the judgment will be granted, but without costs.
A motion was subsequently made in the United States court to remand the cause to the state court. Judge Wallace denied the motion on substantially the same grounds stated in the foregoing opinion.—[Ed.