(13 Misc. Rep. 70.)

PIERPONT v. McGUIRE.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS — ACTION AGAINST SURETY OF ASSIGNEE.
   A judgment against an assignee for the benefit of creditors is prima facie evidence against the sureties on his bond.

2. SAME—SUFFICIENCY OF COMPLAINT.
   The complaint in an action against the sureties on the bond of an assignee for the benefit of creditors which alleges that a judgment was recovered against the assignee is a sufficient allegation of the indebtedness sued on.

3. APPEAL—OBJECTIONS NOT RAISED BELOW.
   The objection that leave to sue the sureties on the bond of an assignee for the benefit of creditors was invalid because of an erroneous recital as to the liability sued on cannot be raised for the first time on appeal.

Action by William Pierpont against Ellen T. McGuire. A verdict was directed for plaintiff, and defendant's exceptions were ordered to be heard at general term in the first instance. Judgment for plaintiff.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

S. M. Hitchcock, for plaintiff.
Thomas J. McKee, for defendant.

BOOKSTAVER, J. This action is against the defendant, as administratrix, etc., of John T. McGuire, deceased, who was one of two sureties upon a bond executed and approved November 1, 1892, conditioned for the faithful performance by George Barker, as assignee under a general assignment, of his duties as such assignee,

and that he should duly account for all moneys received by him. Thereafter, upon a petition made by the plaintiff herein, an order was entered December 7, 1883, requiring the said George Barker to make and file an account of all his proceedings as assignee. In compliance with this order, on December 28, 1883, Barker filed an account as directed; and on January 4, 1884, an order was entered directing that the account be referred to a referee, to take and state the same. Upon the referee's report, an order was made December 15, 1885, which was entered as a judgment October 3, 1887, directing, among other things, that the costs of the proceeding ($361.66) be paid by George Barker personally, and that he pay on demand, to the plaintiff herein, the sum of $530.76, together with interest on $400 part thereof from January 2, 1885, at 6 per cent. per annum. This action was originally brought against John T. McGuire, and on his death it was revived against his administratrix, upon plaintiff's motion.

The case of People v. White, 28 Hun, 289, is almost upon all fours with the case at bar. It was there held that a judgment against the assignee is prima facie evidence against the indemnitors, whether he received notice of the proceedings or not, but he may be let in to show that the principal had a good defense to the claim. Insurance Co. v. Wilson, 34 N. Y. 275. The want of notice does not go to the cause of action. Id. Defendant's motion to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action was properly denied. The recovery of the judgment, being set out, was a sufficient pleading of the indebtedness. Demand is not necessary where a judgment has been recovered against the assignee (Code Civ. Proc. § 1891); but, if it were, execution was duly issued and returned unsatisfied, which was a good demand. Mere delay does not relieve the surety from liability. People v. White, supra. The defendant, by answering, has waived all objections to the complaint, except the objection to the jurisdiction of the court, and that the complaint does not state facts sufficient to constitute a cause of action. Code Civ. Proc. § 499.

The objection that the petition for leave to sue recited a judgment entered March 21, 1887, while the complaint is based upon a judgment entered October 3, 1887, and that the order granting leave to sue was therefore invalid, should have been taken by motion (Code Civ. Proc. § 1892); and, at most, it was but a clerical error, which could have been corrected had plaintiff's attention been directed to it, and it is too late now to raise the objection.

The procedure followed by the plaintiff in bringing this action is authorized by article 2, tit. 4, c. 15, of the Code of Civil Procedure, and section 1915 of the same, under which leave to sue may be granted to any creditor (In re Stockbridge, 10 Daly, 33); and these provisions of the Code, having been passed in 1880, seem to have superseded section 9, c. 466, Laws 1877. The inventory was a material part of the judgment pleaded, and, as such, was prima facie evidence of the facts therein set forth.

The other objections noted in defendant's points either were not raised upon the trial, and are not the subject of review, or have

already been answered. No error appearing, the exceptions are overruled, and judgment for plaintiff, as directed below, with costs. All concur.