BRONSON, administrator, &c. *vs.* WARD and others.

A decree of a surrogate upon an account taken against an administrator, made on the application of one or more creditors of the estate, but without citing the next of kin of the intestate, is not a decree for the final settlement of the account of the administrator; and an appeal from the decision of the surrogate in such a case must be made within thirty days after the entry of the decree.

Where an appeal from a sentence or decree of a surrogate is not entered within the time limited for that purpose by the statute, the court of chancery, acting as an appellate court, can afford no relief to the appellant.

If the appellant from a surrogate's decision neglects to file his petition of appeal, and to procure the transcript within the time prescribed by the 118th rule, the appeal will be dismissed, unless the delay is satisfactorily accounted for.

THIS was an application on the part of the respondents to March 20. dismiss the appeal, which had been entered with the surrogate of the county of Oneida, on the ground that the appeal had not been entered within the time allowed by the statute; and also on the ground that no petition of appeal had been filed, or transcript returned, as required by the 118th rule of this court. The order appealed from was for the payment of the amount due to the several respondents as creditors of the intestate; and it was founded upon a citation issued upon the application of H. Ward, upon which the oth-

er two creditors came in as interveners. The appeal was entered with the surrogate within three months after the entry of the decree, but not within thirty days. On the part of the appellant a petition was presented asking permission to file the petition of appeal with the register of this court, and for leave to procure the transcript of the surrogate to be returned at this time.

*S. M. Woodruff*, for the appellant.

*B. R. Wood*, for the respondents.

THE CHANCELLOR. From an examination of the facts in this case, I am satisfied the decree of the surrogate, appealed from in this case, was not a decree for the *final settlement* of the account of the administrator, within the meaning and intent of those provisions of the revised statutes which allow three months for the appeal from such a decree. (2 *R. S.* 95, § 67. *Id.* 610, § 105.) The proceedings were instituted in 1828, under the provisions of the laws then in force, and which only allowed thirty days for an appeal. The same distinction, however, existed at that time, as now, between a final settlement of the account of the administrator and the taking of an account for the purpose of obtaining payment of a particular debt or legacy. By the practice of the ecclesiastical courts in England, which was the foundation of our proceedings before surrogates, the legatees, next of kin, and creditors of the testator or intestate might severally, or in several suits, compel the executor or administrator to render an account. To prevent the great trouble and vexation to which the representative of the decedent was thus subjected, he was permitted, so soon as he was cited to account by any of these persons, to cite the next of kin in special, and all others who had or claimed an interest in the estate in general, to come in and see the taking of the account, and to hear the testimony of the witnesses, so as to obtain the final sentence of the court ; by which the representatives were freed from rendering any further account, except to

such persons as were infants at the time time such account was taken. (*Conset's Eccl. Pr.* 296, *pt.* 6, *ch.* 3, § 1, *sub.* 8. *Cockb. Eccl. Pr.* 143.) The provisions in the revised statutes relative to the final settlement of the account are merely an extension of this principle. And the 60th section of the statute, (2 *R. S.* 93,) expressly recognizes the distinction between an account taken between one or more creditors or legatees, and the taking of a final account where all the parties interested in the estate are cited to appear. (*See revisor's note to sec.* 63.) It also appears from the affidavit annexed to the petition of the respondents that these three creditors were alone parties to this proceeding, and that neither the next of kin or any other person was cited before the surrogate. That court therefore could not make a decree for the final settlement of the accounts of the administrator. The surrogate accordingly decreed the payment of the debts due to these creditors out of the amount ascertained to be in the hands of the administrator; leaving a small balance undisposed of, to be accounted for by him on the final settlement of his accounts with those who might be entitled to the residue of the estate. This is therefore a case coming within the 107th section of the revised statutes relative to appeals, &c. (2 *R. S.* 610.) And as it was not entered within the thirty days, this court can afford no relief to the appellant.

But in this case, if I had arrived at the conclusion that the appeal was entered in time, I do not think that the appellant has furnished any sufficient excuse for his neglect to file his petition of appeal, and to procure the transcript. The statute has authorised this court to regulate the practice on appeals from surrogates, &c. And under the power thus given, the 118th rule requires the appellant to file his petition of appeal with the register or assistant register within fifteen days after the appeal is entered, or the appeal shall be considered as waived. Nearly a year has elapsed since the appeal was entered and no petition of appeal has yet been filed, and no transcript has been returned, although it was long since made out by the surrogate. The conversation between the appellant and Field was before the appeal was entered; and the latter in substance

denies that he ever requested the appellant to stay the proceedings.

The application for leave to file the petition of appeal must therefore be denied, and the appeal must be dismissed, with the costs of these applications.