VICENZO CASONI et al., Respondents, *v.* LEONARD W. JEROME, impleaded, etc., Appellant.

58 315
114 134
58 315
123 52
58 315
127 423
58 315
137 313
137 441
138 201
138 360

Where the authority of an executor is revoked, and an administrator, with the will annexed, is appointed, it is not essential to the validity of the bond to be given by him as such that his special character should be recited therein; a bond in the ordinary form required of general administrators by the statute is valid and proper. (2 R. S., p. 78, § 45.)

The ignorance of the sureties, when they executed the bond, of the real nature of the administration, is not available as a defence in an action upon the bond; nor is the fact that they were misled or deceived by those at whose request they executed it, as against one who was no way connected with the deception.

Upon the appointment of defendant R. as administratrix *de bonis non*, and the issuing to her of letters with the will annexed, she, with the other defendants as her sureties, executed and delivered to the surrogate a bond in the usual form. Subsequently, one of the clerks in the surrogate's office, without the knowledge or assent of any of the parties interested, inserted in the recital in the bond, after the word administratrix, the words "with the will annexed." In an action upon the bond, *held*, that the words inserted did not change the legal force and character of the bond, nor did the unauthorized insertion thereof avoid the instrument, or relieve the obligors from liability under it as originally executed.

Upon the final accounting of R., as administratrix, the surrogate decreed that she pay plaintiffs the amount of a claim made by them against the estate. In an action upon her bond, *held*, that the obligors were concluded by the decree from contesting the liability of the estate

Statement of case.

for the debt; that so long as the decree remained unreversed it could not be questioned in a collateral action either by the administratrix or her sureties.

After proceedings have been instituted by an administrator for a final accounting and the surrogate has acquired jurisdiction thereof, the revocation of the letters of administration does not oust the surrogate of jurisdiction or prevent him from proceeding to a final decree.

*It seems*, that in such case it is proper and may be necessary that a new administrator should be appointed to represent the estate before continuing the proceedings.

(Argued June 18, 1874; decided September 22, 1874.)

APPEAL by defendant Jerome from a judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiffs entered upon the report of a referee.

This action was brought upon a bond given by defendant Virginia Ree, as administratrix of the estate of Uriah P. Levy, the other defendants being her sureties therein. The bond was in the usual form, the condition thereof as follows:

" The condition of this obligation is such that if the above Virginia Levy shall faithfully execute the trust reposed in her, as administratrix of all and singular the goods, chattels and credits of Uriah P. Levy, late of the city of New York, deceased, and obey all orders of the surrogate of the county of New York touching the administration of the estate committed to her, then this obligation to be void, else to remain in full force and virtue."

The complaint asked that the bond be reformed by inserting the words " with the will annexed " after the word " administratrix " in the condition, and that defendant be adjudged to pay a sum found due and decreed to be paid to plaintiffs by said administratrix upon her final accounting.

The facts as found by the referee are substantially as follows:

Uriah P. Levy died in the city of New York, where he then resided, March 22d, 1862, and left surviving him his widow, Virginia Levy, who afterward was married to one

William J. Ree and who is the defendant named Virginia Ree. He left a last will and testament which was duly admitted to probate, and afterward the validity of certain trusts, or intended charitable uses, was contested in our courts and was decided in the Court of Appeals. (See *Levy* v. *Levy*, 33 N. Y., 97.)

After that decision the executors named in the will were duly removed and on or about 17th May, 1866, the said Virginia Levy applied in writing to the surrogate of the county of New York to be appointed by him administratrix, with the will annexed, of the goods, chattels and credits of said Uriah P. Levy, and such letters were, on the 22d May, 1866, granted to her by said surrogate on such application, and on the previous execution by all the defendants in this action of the bond set forth in the complaint in the precise form set forth in the complaint. The words "with the will annexed" were omitted from said bond after the word administratrix by the mistake of the clerk in said surrogate's office until his attention was drawn to the bond in the year 1869 by a fellow clerk in said office when, without the knowledge or assent of any person interested in the estate, he inserted those words after said word "administratrix," he supposing that he had a right so to do.

The said administratrix entered upon the performance of her duties and so continued until 30th September, 1868, when the letters of administration to her were duly revoked by the surrogate. On 28th January, 1868, she filed her petition for a final settlement of her accounts, and such proceedings were thereupon had that, by a decree of the surrogate entered on 28th August, 1869, she was adjudged to have remaining in her hands to be paid and distributed $84,678.33 belonging to said estate, and by said decree it was adjudged that there was due to the said plaintiffs from said administratrix the sum of $5,500, the amount of their claim against said estate, which she was directed to pay, with costs. On 17th September, 1869, the said surrogate made out his certificate of the said debt and costs which was, on the same

Statement of case.

day, duly filed with the clerk of the city and county of New York, and by him duly entered and docketed in the book required by law for that purpose. Afterward, on the same day, execution was duly issued thereon to the sheriff of the city and county of New York against the property of the said Virginia Ree, and was afterward, on 20th September, 1869, duly returned by said sheriff wholly unsatisfied, and upon petition the bond was duly assigned to plaintiffs for prosecution.

The claim of the plaintiffs was for a monument to the memory of the testator erected on the employment of the administratrix. The will directed that a monument should be erected. The referee found that the one in question did not conform in all respects to such monument as the testator had required, but it did conform to what was required under the arrangement between the plaintiffs and the administratrix.

Upon the trial the defendant Jerome asked leave to add a fourth defence to his answer, founded on the fact that the monument was not constructed according to the directions of the will. The referee held that the proposed matter would not be a good defence, therefore refused to allow the amendment.

Evidence was given, on the part of defendant Jerome, tending to show that he was deceived by the representations made to him at the time of signing, and supposed the whole will set aside and that Mrs. Ree was general administratrix.

*Wm. Henry Anthon* for the appellants. To hold a party upon an altered instrument it must be shown that the alteration was made in good faith and with consent of the parties sought to be bound. (*R. and W. Plank-road Co.* v. *Wensler*, 21 Barb., 56.) The referee erred in holding that the words "administratrix of the goods, chattels and credits," etc., are broad enough to include an administratrix with the will annexed of a testator. (3 R. S. [5th ed.], 157, § 22 ; *Bowers*

v. *Emerson,* 14 Barb., 652; *Wood* v. *Vanderbergh,* 6 Paige, 277, 285.)

*W. W. MacFarland* for the respondents. A judicial bond must be construed by reference to the law in pursuance to which it was given. (*Soldini* v. *Hyans,* 15 La. An., 551; *Hartzell* v. *Commonwealth,* 42 Penn., 451; *Irvine* v. *Ballott,* 2 Grant's Cas., 73; *Clayton* v. *Anthony,* 15 Grat. [Va.], 518; *Sikes* v. *Smith,* 4 Jones' Eq. [N. C.], 361.) Sureties to an administrator's bond may be liable, even though the letters of administration be void. (*Foster* v. *Commonwealth,* 35 Penn. St., 150.) An administrator's bond, though improperly executed, is voidable only at the option of the obligees. (*Cohea* v. *State,* 34 Miss., 179; *State* v. *Winfree,* 15 La. An., 643.) The bond, as executed, is sufficient to hold the sureties for the faithful performance of the duties of an administrator with the will annexed. (*Judge of Probate* v. *Claggett,* 36 N. H., 381; *Shaler* v. *Ebling's appeal,* 43 Penn. St., 83; *Foster* v. *Commonwealth,* 35 id., 148; *Ex parte Brown,* 2 Bradf., 22; *Rollston* v. *Wood,* 15 Ill., 159; *Taylor* v. *State,* 15 Ind., 202; *Heard* v. *Lodge,* 20 Pick., 58; *Kyle* v. *Mays,* 32 Ala., 692; *Lambkin* v. *Heyer,* 19 id., 228; *Hartzell* v. *Commonwealth,* 42 Penn. St., 454; *People* v. *Downing,* 4 Sandf., 189; *Atkins* v. *Kinnan,* 20 Wend., 241; *Jackson* v. *Robinson,* 4 id., 436.)

ANDREWS, J. The statute provides that every administrator shall, before receiving letters of administration, execute a bond with sureties, to be approved by the surrogate, conditioned that he shall faithfully execute the trust reposed in him as such, and also that he shall obey all orders of such surrogate touching the administration of the estate committed to him. (2 R. S., 77, § 42.) The statute defines the cases in which letters of administration may be issued, which include the issuing of letters of administration with the will annexed, as also in case of general intestacy. Whether the administration is general or special,

the appointee has the same legal character, and is properly denominated an administrator. In either case, he derives his title to the personal assets of the deceased solely from the appointment.

The position of a general administrator, and an administrator *cum testamentum annexo*, differs in this: that in the latter case, the will, so far as it is consistent with law, is the rule for the management and distribution of the estate, and in the former the ultimate right to the personal assets is regulated by the statute of distributions. Both kinds of administration were recognized in the statute 21 Henry 8, chapter 5, and various and definite provisions are found in our statutes relating to the latter When the appointment of the executor fails, either by his renouncing, or his neglect to qualify, or by reason of his being legally incompetent to act, letters of administration with the will annexed are to be issued, and also when his authority has been revoked or terminated after he has commenced the execution of the trust. Special provision is made for security to be given by the administrator with the will annexed (sec. 45), who (the statute declares) shall give bonds in the like penalty with like sureties and conditions as are required of administrators, and shall have the like power and authority. The bond upon which this action is brought was given on the appointment of Mrs. Levy as administratrix *de bonis non* of the estate of her husband, upon issuing to her letters of administration with the will annexed, after the revocation by the surrogate of letters testamentary previously granted to the executors named in the will. The condition of the bond follows the words of the statute. The administratrix and her sureties undertake that she shall faithfully execute the trust reposed in her as administratrix, and obey all orders of the surrogate touching the administration of the estate. It is true that her special character as administratrix with the will annexed is not recited in the bond, but this was not essential to its validity. Whether she was a general or special administratrix, would have been disclosed by an exam-

ination of the order appointing her, and the bond must be held to refer to her acts and conduct in the actual character and relation to the estate which she held by virtue of that appointment. The bond was given for the security of creditors and other persons interested in the estate, and the ignorance of the sureties, when they executed the bond, of the real nature of the administration, or that they may have been misled or deceived by those at whose solicitation they executed it, as to the nature or degree of the responsibility they assumed, cannot avail them as a defence against the claims of persons for whose security it was taken, and who were in no way connected with the deception practiced upon them. The insertion of the words "with the will annexed," in the bond after its execution, by one of the clerks in the office of the surrogate, without the consent of the obligors, did not change its legal force or character, and his unauthorized act does not avoid the instrument, or relieve the obligors from liability under it, as originally executed. The alteration was immaterial, and was made by a person who stood in the position of a stranger to the parties claiming under it. In such a case the altered instrument may be enforced according to its original terms. (*Jackson* v. *Malin*, 15 J. R., 293; *Waring* v. *Smyth*, 2 Barb. Ch., 119; *Rees* v. *Overbaugh*, 6 Cow., 746; *Malin* v. *Malin*, 1 Wend., 625; *United States* v. *Hatch*, Paine, 336.)

The defendant is concluded by the decree of the surrogate from contesting the liability of the estate for the debt of the plaintiff. This question was directly adjudged by the decree, and the administratrix was directed to pay the debt found to be due to the plaintiff out of the assets in her hands. It is by no means certain that the plaintiff's claim was a charge against the estate of the testator. The contract upon which it was founded was made with the administratrix and within the case of *Ferrin* v. *Myrick* (41 N. Y., 316), she was liable upon it personally and not as administratrix. But the question whether the plaintiff's demand was a debt against the estate, was necessarily determined by the surrogate on

the accounting, and so long as the decree stands unreversed, it cannot be questioned in a. collateral action either by the administratrix or her sureties. Sureties are bound by the decree of the surrogate in such a case, because by their contract they have made themselves privy to the proceedings against their principal, and when the principal is concluded, the surety, in the absence of fraud or collusion, is concluded also. (*Douglass* v. *Howlund,* 24 Wend., 35; *Jackson* v. *Griswold,* 4 Hill, 522; *Annett* v. *Terry,* 35 N. Y., 256; *Baggott* v. *Boulger,* 2 Duer, 160.)

But neither the principal nor sureties are bound by the decree, if the surrogate had no jurisdiction to pronounce it. It is claimed that the revocation of the letters of administration, after the proceedings for the final accounting were instituted, and before the decree was made, ousted the surrogate of jurisdiction, and that an accounting thereafter could only be had in a new proceeding at the instance of the person succeeding to the administration of the estate, pursuant to the sixty-eighth section of the statute. This position cannot, we think, be maintained. A final accounting under the statute can be had on the application of the administrator or executor. In this case the surrogate acquired jurisdiction of the proceedings upon the application pursuant to the statute for a final accounting, made by the administratrix, and when jurisdiction is once acquired, we see nothing in the statute which prevents the surrogate proceeding to a final decree, although meanwhile the authority of the administratrix may have been revoked. It is proper and it may be necessary that a new administrator should be appointed to represent the estate before continuing the proceedings, and it does not appear that this was not done, and if necessary to sustain the proceedings it will, in the absence of proof, be presumed that a new appointment was made.

The judgment of the General Term should be affirmed.

All concur, except RAPALLO, J., not voting.

Judgment affirmed.