JAMES MARSH, Appellant, v. GEORGE P. AVERY et al., Respondents.

The surrogate's decree, upon the final accounting of the executors of the will of M., directed said executors to pay the counsel for appellant, who was one of the executors and a legatee under the will, the sum of $1,000 out of the share of the estate going to said legatee. No objection was made before the surrogate that the allowance was excessive, or that the sum of all the allowances was greater than the surrogate had power to give ; nor was it questioned that the sum was due to the counsel from appellant for services in the proceedings. The appellant did not appeal from the decree, but after the time for appealing had expired, he made application to the surrogate for a re-examination of another portion of the decree, which was granted on condition that the residue of the decree, including this item of counsel fees, should stand. Appellant availed himself of this permission. A subsequent motion made by him to open the decree and vacate that portion granting said allowance was denied. *Held*, no error ; that the appellant must be deemed to have had notice of the original decree, as he was not only interested in it as legatee but was one of the executors and active in its procurement ; that, conceding there was a want of power to make the decree, against the objection of the appellant, he could acquiesce in it ; and that here there was consent. Also, that it could not now be impeached, as the proper remedy was by appeal from the decree, and any injury resulting from failure to take an appeal, must be imputed to appellant's own *laches*.

*It seems*, that there is no authority for making such an allowance.

(Argued April 6, 1880 ; decided April 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming an order of the surrogate of the county of New York, denying a motion made on behalf of the appellant above named, who was one of the executors of the will of James Marsh, deceased, and a legatee, to open the decree of said surrogate, made on the final accounting of said executors, and to set aside and vacate that portion thereof which directed said executors to pay to George P. Avery, counsel for said appellant, upon such accounting, the sum of $1,000 out of the share of the estate going to said legatee. The facts, as far as pertinent, appear in the opinion.

*E. Marshall Pavey* for appellant. The allowance of

$1,000 to the appellant's counsel being void for entire want of jurisdiction, no form of consent, assent or acquiescence would confer legality. (*Dudley* v. *Mayhew*, 3 N. Y. 9; *Beach* v. *Nixon*, 9 id. 37; *Germond* v. *The People*, 1 Hill, 343; *Dakin* v. *Deming*, 6 Paige, 95; *Coffin, ex'r*, v. *Tracy*, 3 Cai. 128.) The question of jurisdiction may be raised at any time. (*Garcie* v. *Sheldon*, 3 Barb. 232.)

*George P. Horne* for respondents. The surrogate had jurisdiction to make the order. (*Noyes* v. *The Children's Aid Society*, 70 N. Y. 481.) The decree was only reviewable by an appeal from the decree itself. (2 R. S. 610, § 105; *Brown* v. *Ward*, 3 Paige, 189; *Stone* v. *Morgan*, 10 id. 615.)

DANFORTH, J. No objection was made, either before the surrogate or upon appeal, that the allowance made to Mr. Avery was excessive, or that the sum of all the allowances was greater than the surrogate had power to give. Neither of these questions, therefore, is before us. What the appellant does object to is that portion of the order which requires the payment of part of the sum allowed out of the share of the estate going to him as legatee. As the costs or allowances of one or all the parties, to an extent within the jurisdiction of the surrogate, may, in such a proceeding as the present, be charged upon the estate, or upon one or the other party (*Noyes* v. *Children's Aid Society of New York*, 70 N. Y. 481), it is obvious that a sum equal to that in question (provided it was not in excess of the amount which the surrogate could allow) might have been made payable as costs therein, or the costs of some other party out of the appellant's share of the estate; but the question here is different. The payment is to be made to the appellant's own counsel, and neither the statute nor the case above cited goes so far as to allow it, but that the sum was due the counsel, and from the appellant, for services in this proceeding, is not denied. There is, then, no injustice in the result reached by the order. Moreover, upon the circumstances clearly defined by proof, we think the appellant is in no position to avail himself of the objection that the

surrogate exceeded his power.   The appellant must be deemed to have had notice of the original decree directing this payment, for he was not only interested in it as legatee, but as one of two executors, was active in its procurement.   He not only did not object, but allowed the time for appealing from it to expire, and afterward, desiring to have re-examined another portion of the decree, he went before the surrogate with an application for this favor, which was granted upon condition that the residue of the decree, including the part now objected to, should stand.   He availed himself of the permission so obtained.   If it is conceded that there was a want of power in the surrogate to make the decree against the objection of the appellant, he could, nevertheless, acquiesce in it, and it cannot now be impeached on the ground that the law was mistaken by the court in rendering it, for his proper remedy was by appeal, and any injury which results to him from a failure to take it, must be imputed to his own *laches*, and not to the court.   (*Bronson* v. *Ward*, 3 Paige, 189 ; *Stone* v. *Morgan*, 10 id. 615 ; *Phyfe* v. *Eimer*, 45 N. Y. 102.)   Here there was not only *laches*, but consent.   Nor has any injury happened to the appellant therefrom.   In yielding to it, he only discharges an obligation, which, for aught that appears, is just, out of a specific fund, instead of his general assets.

The order should be affirmed with costs.

All concur.

Order affirmed.