By the Court.
The action below was a suit by John C. Entrekin, administrator de bonis non of Jacob Slagel, deceased, upon-the bond of his predecessors, Henry and *638 Erank Slagel and their sureties, to recover the amount found due the estate on the settlement of their accounts in the probate court of the county.
On November 19, 1878, the executors filed their final account in the probate court, previous to which a number of accounts had been filed, none of which had, however, been settled. Exceptions were filed by one of the legatees, and a motion made to remove them for maladministration. During the pendency of this motion and the settlement of their accounts, they tendered their resignations, which were accepted by the court on August 29, 1879, and on the 1st of November, following, the court appointed Entrekin as succeeding administrator, who also filed exceptions to the account of his predecessors, the Slagels. Subsequently, the court having heard the exceptions, settled the account, and found that there was due the estate from the executors the sum of $9,422, which it ordered to be paid “to John C. Entrekin, as administrator de bonis non, with the will annexed, of Jacob Slagel, deceased.”
The breach of the bond assigned in the petition was the failure of said Slagels, on demand, to pay to said Entrekin, as administrator, etc., said sum of money, with interest.
The defendants, in their answers, averred that there was not the amount due from them as found by the probate court, and the sureties also denied the title of Entrikin as administrator.
No appeal was taken from the judgment and order of the probate court, and the same remain in full force and unreversed.
Evidence was offered on the trial, and ruled out, tending to show that there was not the amount due from the Slagels, as executors, as found by the probate court. There was,however, no avermentinthe answers of any fraud or collusion in the settlement of the account, nor was there any offer of evidence to that effect.
, The court charged the jury that “ the probate court had the power to accept the resignation of the executors, pending the final settlement of their accounts, and to appoint a *639 successor, as was done, without affecting its power and jurisdiction over the settlement of their accounts.” And also that “the account as settled in the probate court is, as to the amount due, final between the parties to this suit; it being in full force and unreversed.”
Various requests, intended to open up to the jury the question as to the accuracy of the finding and determination of the probate court as to the amount due from the executors at the time of their resignation, were made and refused by the court; to all which exceptions were duly reserved.
Held, 1, That under section '6020, Revised Statutes, an administrator or executor appointed to fill the place of one who has resigned or been removed, etc., is entitled to receive from the latter his indebtedness to the estate on account of assets received and converted to his own use; the language, “personal effects and assets of the estate unadministered,” as used in this section, includes such indebtedness as well as such “ effects ” and “ assets ” as remain in specie, and he-may maintain a suit against such former administrator or executor, and his sureties on his administration bond, and recover the same. Under our statute, the assets of an estate are not regarded as administered until they have been collected and applied as required by law or the will of the testator. Tracy v. Card, 2 Ohio St. 431; Curtis v. Lynch, Admr., 19 Ohio St. 392; Douglas v. Day, 28 Ohio St. 175; Casoni v. Jerome, 58 N. Y. 321; Balch v. Hooper, 32 Minn 158
2 That where an admininistrator or executor resigns, pending the settlement of his accounts, and his resignation is accepted, the court does not thereby losp its jurisdiction over his person, nor the settlement of his accounts, and may proceed to hear and determine exceptions thereto, and ascertain the amount due from .him to the estate in like manner, as if he had continued in the execution of his trust. Casoni v. Jerome, supra.
3 That the amount found due from an administrator or executor to the estate on the settlement of his accounts in the probate court is, in the absence of fraud oi collusion, *640 binding not only upon Mm, but also upon Ms sureties, in an action upon the administration bond, unless an appeal has been taken or the judgment has been reversed upon a proceeding in error. Casoni v. Jerome, supra; Braiden v. Mercer, 44 Ohio St. 339; Shroyer v. Richmond, 16 Ohio St. 455; Wehrle v. Wehrle, 39 Ohio St. 365; Todd v. Lewis, 2 Handy, 281.
4. That where upon the settlement of the accounts of an administrator or executor, who has resigned or been removed, the amount due from him to the estate has been ascertained and determined by the probate court, it is not error, in the court, to order its payment to his successor in the administration of the estate. It is not an order of distribution, but a judgment in favor of the estate against him upon the settlement of his accounts for assets received and unadministered, and to which, under section 6020, Revised Statutes, the succeeding administrator is entitled. Balch v. Hooper, supra; Sanford v. Gilman, 44 Conn. 461.
5. That the averment of a failure of an administrator or executor, who has resigned, to pay to his successor the amount found due from him in the settlement of his accounts, is a sufficient assignment of a breach of the condition of his bond “ to administer according to law ” the assets of the estate. Rev. Stats., sees. 6020, 6214; Luce v. Treasurer, etc., Wright, 655; Gutridge v. Vanatta, 27 Ohio St. 366; O’Conner v. State, 18 Ohio, 226.
6. It was disclosed by the evidence in the case that there is but one surety on the bond of Entrekin; the statute requires two. A bond should not be accepted with less than the required number of sureties upon it; and he maybe required, at any time, to give a proper bond, if it has not heretofore been done. But the omission to give a bond with the requisite number of sureties upon it can not defeat his right to recover in this action, so long as the title conferred by his letters from the probate court remains unrevoked. It is voidable, but not void, and can not therefore be collaterally impeached. Schouler Exr., § 142, and cases cited; Bigelow v. Comegys, 5 Ohio St. 256.

Judgment affirmed.