### VAN SLYCK *v.* BUSH *et al.*

*(Superior Court of New York City, General Term. March 5, 1889.)*

ASSIGNMENT FOR BENEFIT OF CREDITORS — ACCOUNTING OF ASSIGNEE — ATTORNEYS' FEES — SURETIES.

Where an assignee for benefit of creditors employs an attorney in the management of the estate, and on his accounting the court directs him to pay a certain sum to the attorney, failure to pay such sum is not a breach of duty as assignee, and his sureties are not liable, as the obligation was personal, and the order was only a direction to perform the condition on which the assignee's right to have the fund set apart depended.

Appeal from special term.

Argued before SEDGWICK, C. J., and TRUAX, J.

*John E. Parsons,* for appellant. *Francis B. Chedsey,* for respondent Bush. *E. C. Pearson,* for respondent Camp.

SEDGWICK, C. J. The complaint averred the making of an assignment by one Brick of all his property to one Campbell, "in trust for the benefit of the creditors of Brick, in pursuance to the statute in such case made and provided;" also that Campbell executed his bond conditioned "that if the said Robert Campbell should faithfully execute and discharge the duties of such assignee, and duly account for all moneys received by him as such assignee, then the said obligation to be void, otherwise to remain in full force and effect;" that the defendants executed said bond as sureties; that Campbell entered upon the discharge of his duties as assignee, and presented an account

of his doing as such; that "after due service of citations upon all persons interested in the said proceedings, including the defendants, as the sureties on said bond," the account was sent to a referee; that "thereafter the said referee's report was confirmed by the court, and a final decree was entered, in which decree the said Campbell as said assignee was directed to pay from the funds in his hands as assignee, within 30 days from the entry of said decree, to this plaintiff, the attorney for the said assignee, the sum of $2,137, with interest;" that the said indebtedness was necessarily incurred by the said assignee for legal services performed by the plaintiff as an attorney at law on behalf of and as the attorney of the said assignee "in the care, preservation, and protection of the said assigned estate;" that at the time of the entry of the final decree the assignee had on hand as part of the assigned estate more than the sum of said $2,137; that the plaintiff has demanded payment of the balance due him of the last-mentioned sum, both of the assignee and of these defendants, "and that the said assignee should obey the said decree, but payment of said balance has been neglected, and the said Robert Campbell has not obeyed the direction" aforesaid of said decree; that the court of common pleas directed the said bond to be prosecuted by and on behalf of the plaintiff for his benefit; that the said Campbell has paid the sum of $1,250 on account, etc.; wherefore the complaint demanded judgment for the sum of $873. The defendants demurred severally, on the ground that the complaint did not state a cause of action. The court below sustained the demurrer, and upon the decision then made the judgment was entered, and from this the present appeal was taken.

The plaintiff was not a party to the accounting, and the final adjudication was not in his behalf, in the sense that it would give him a cause of action upon it directly. Up to the time of the adjudication, the plaintiff's rights were confined to a cause of action he had against Campbell personally, and not relatively as assignee. This cause of action was not affected by the conduct of the parties to the accounting. As he was not bound by the adjudication, so he could not take advantage of it as an adjudication, and if Campbell was not liable to the plaintiff upon it, Campbell's sureties would not be liable. If any use could be made of the adjudication in an action between the plaintiff and Campbell, the action it would tend to support would be against Campbell personally, and not as assignee.

The learned counsel for appellant claims that the direction of the order to pay to the plaintiff established a duty upon Campbell, as assignee, to pay to the plaintiff, and the failure to perform this duty made the sureties liable. The single phrase that directs the payment is not to be taken and construed by itself. Its meaning and effect are to be ascertained from it and its connections in the proceeding.

The plaintiff had no claim against the estate. He did not present a claim. If that were necessary to the formation of a cause of action, it was to be pleaded. There is therefore no adjudication, as in *Casoni* v. *Jerome*, 58 N. Y. 315, that he had a claim. In *Marsh* v. *Avery*, 81 N. Y. 29, it appears that the attorney who made the claim must have been a party to the proceedings before the surrogate, for he was the respondent in the appeal. It is clear that on the accounting the claim made by Campbell as to this matter was not made as assignee. It was made for himself, individually and personally. He personally was giving account of his action as assignee. He took the position that he had become personally liable for services of the plaintiff. If he had paid for those services he would have had a right to reimbursement of the money he had paid. If, as in this case, he had not paid, he would have a right—as indeed was competently adjudged—to obtain leave to pay for the services out of funds of the estate. If he then paid, the transaction would be in effect the transfer of money held by him as assignee to himself personally, and then the payment of it in discharge of his own obligation. Such a pay-

ment would be payment by him personally, and not as assignee. The neglect to pay would not be an omission of duty as assignee. So long as payment was not made, the money would be part of the assigned estate. There might be a case where it would be his duty to refuse to pay, even after provision for reimbursement had been made. When the provision was made for the future payment, it was implied that the payment was to be necessarily made for the purpose indicated. The fund was not to be left in his hands, or set apart for any purpose other than a disbursement. So that the direction to pay to the attorney was not more than a direction to perform the condition upon which Campbell's right to have the fund set apart depended. As in all that would follow the order Campbell would act for his own personal interest, and not as assignee, I am of opinion that the omission to pay to the attorney was not a breach of duty by Campbell as assignee, and therefore that the sureties are not liable for the omission. The judgment should be affirmed, with costs.

TRUAX, J., concurs.