OTTO v. VAN RIPER et al.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

1. GUARDIAN—LIABILITY TO WARD.
   The fact that a general guardian deposits a sum of money belonging to the ward in a trust company, in the joint names of himself, as an individual, and of the sureties on his bond, where it is subsequently lost through the insolvency of the company, does not relieve him from his obligation to pay it to the ward.

2. SAME—ACTION ON BOND.
   If a general guardian dies in a foreign state, wholly insolvent, without having accounted, and if no representative of the guardian has been appointed in this state, an accounting is not a necessary prerequisite to an action on the bond; and a court of equity has power to determine the liability of the guardian, and in the same action enforce the obligation of the sureties.

Appeal from trial term, New York county.

Action by Charlotte D. Otto against Charles Van Riper and James S. Bryant. From a judgment entered on decision of the court without a jury, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J.. and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

James R. Angel, for appellants.

Omar Powell, for respondent.

INGRAHAM, J. The action was to recover from the defendants as sureties on a bond given upon the appointment of a general guardian of the plaintiff, then an infant. The complaint alleges the giving of a bond, the receipt by the guardian of the sum of $500, and that the guardian subsequently became insolvent, removed to the state of New Jersey, and died there on the 23d day of February, 1896, intestate, leaving no estate or property either in the state of New York or the state of New Jersey; that no representative of his estate had been appointed in either of said states; and that it is therefore impossible to obtain a judicial settlement of the accounts of the said guardian. The case was tried before the court without a jury, who found these facts, and the further fact that in order to indemnify and secure these defendants, as bondsmen, against loss, the guardian executed and delivered to the defendants a mortgage upon certain property in New York; that subsequently the mortgaged premises were sold, and from the proceeds thereof the sum of $2,450 was paid to the defendants, and deposited in the American Loan & Trust Company of New York, to the joint account of John H. Schilling, the guardian, and of these two defendants, where said sum remained so deposited until April, 1891, when the American Loan & Trust Company became insolvent, and the fund was wholly lost; and the court directed judgment for the plaintiff for the amount of the loss to her estate by the breach of duty by her guardian, with interest. Upon that decision the judgment was entered in favor of the plaintiff and against the defendants, from which this appeal is taken.

Upon the trial the parties stipulated as to the existence of most of the facts found by the court. It was proved that the trust company had power to receive deposits, and to act as trustee, receiver, administrator, and guardian of infants and their estates; and it is clear that if, upon the receipt by the guardian of this money upon the sale of the property, it had been deposited in this trust company, in the name of the guardian, for the benefit of these infants, and had been afterwards lost without his fault, the guardian and his bondsmen would have been exonerated from liability. This, however, was not done. The money was taken possession of by the sureties and the guardian, and was deposited by them in their joint names, not as property of the infants, held by the guardian so that it was an infant's money, but in the individual names of the guardian and his two sureties, so that it could be drawn out only by their joint acts. No money was thus set apart for this plaintiff as her property, impressed with a trust in her favor, and which she could obtain by legal proceedings upon her arriving of age. Assuming that this sum of $2,450 so received by the guardian included the sum of $500, which

was the estate of this plaintiff, and was received by the guardian as such, he had no right to deposit it in the trust company, or in any other depository, in the name of himself and the defendants. He was bound to set that apart, and invest it in the name of his ward, or in the name of himself as guardian of his ward. In the shape in which this money was deposited, it could have been drawn out at any time by the three depositors, without any relation to the rights of the plaintiff; and such a deposit could not be said to be an investment of the money as guardian, which relieves the guardian from the effect of a loss in the investment. We think, therefore, that the failure of the trust company did not discharge the guardian from his obligation to pay to his ward this money, and that he, upon an accounting, would have been liable to his ward for the amount.

The question then comes as to the liability of these defendants to pay the amount which was due by the guardian to his ward. The objection is first taken that there has been no accounting by the guardian, and that such an accounting is a necessary requisite before an action can be maintained on the bond. This question was discussed by this court in the case of Bischoff v. Engel, 10 App. Div. 242, 41 N. Y. Supp. 815. It was there held that where an administrator died in a foreign state, wholly insolvent, without having accounted, and where no representative of the deceased trustee had been appointed in this state, equity could intervene and furnish a remedy, and that no accounting was necessary. The guardian not being relieved from his responsibility to the plaintiff by the deposit in the trust company of this sum, and an accounting being, under the circumstances, impossible, we think a court of equity had power to determine the liability of the guardian, and in the same action enforce the obligation of the sureties upon the bond; and upon the facts as found by the learned trial judge, sustained by the evidence, we think the defendants were liable.

The judgment is affirmed, with costs. All concur.