## EBERLE v. BRYANT et al.

(City Court of New York, General Term. April 5, 1900.)

1. ACTION ON GUARDIAN'S BOND—DECREE ON JUDICIAL SETTLEMENTS.
    In an action on a guardian's bond to recover the amount found due to the ward on the guardian's judicial settlements, to which defendant sureties were parties, the surrogate's decree on such settlement is conclusive as to defendants' liability.

2. EVIDENCE—ADMISSION OF ORAL EVIDENCE.
    The rejection of oral evidence as to the form of a deposit is proper where the deposit book had been put in evidence.

3. SAME.
    Oral evidence as to the ownership of a deposit is incompetent where the deposit book which was put in evidence showed who the owner of the land was.

4. APPEAL—EVIDENCE NOT IN RECORDS—EXCEPTIONS.
    Exceptions to the admission of documentary evidence cannot be considered when it is not included in the record.

Appeal from trial term.

Action by Matilda Mary Eberle against James S. Bryant and another on a guardian's bond. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before O'DWYER and HASCALL, JJ.

J. W. Bryant, for appellants.
Powell & Cady, for respondent.

O'DWYER, J. John H. Schilling, as guardian of the plaintiff, received $500 in 1885. This money he lost in business. On September 26, 1895, Schilling made a judicial settlement showing that he owed plaintiff $752. Execution was issued to the sheriff of New York county, and returned unsatisfied. Defendants James S. Bryant and Charles Van Riper were sureties on Schilling's guardian's bond. Upon the return of execution unsatisfied, this action was commenced. Shortly after the commencement of this action, and before he was served with summons, Schilling died. Schilling was named in the summons as a defendant, but he was not served. In their answer, Bryant and Van Riper admitted that they were bondsmen. They set up the affirmative defense that the judicial settlement was fraudulent, and made without notice to them. The basis of this claim is that, while Schilling lost the original $500, it was afterwards restored to the estate by the deposit of $2,450 in the American Loan & Trust Company in the names of John H. Schilling, James S. Bryant, and Charles Van Riper, and that the bondsmen are not liable for the money lost by the failure of that company. Upon the interposition of this defense, another child (Mrs. Otto) commenced an action in the supreme court, which was tried at special term, and judgment recovered, holding the defendants liable upon this state of facts. From that decision, defendants there (same defendants here) appealed, and the appellate division affirmed the decision.

The bond was joint and several, and enforceable against any one or all of the signers. Code Civ. Proc. § 454. While Schilling was named in the summons, plaintiff had a right to proceed to judgment

against the other defendants without service of summons upon him. Id. §§ 456, 759. The proceeding for the accounting was a compulsory proceeding, and the bondsmen were not necessary parties thereto. The sureties, however, came in, and were made parties to the accounting. By the order of December 19, 1895, allowing them to come in, the surrogate ordered: "But that said decree entered on the 26th day of December, 1895, stand as entered, unless modified or vacated upon the proceedings under this order." As the bondsmen came into that proceeding, and were restricted to that proceeding in their efforts to have it set aside, they cannot come here, and ask this court to retry the issues that they were required to try in that proceeding. The sureties cannot collaterally attack the decree. Casoni v. Jerome, 58 N. Y. 315. Plaintiff had shown a judicial accounting, entitling her to recover of the defendants. To show why or how the accounting was made, or the reasons or circumstances of making the deposit in the trust company, or what became of the fund, is no answer to the surrogate's decree. That decree is conclusive of defendants' liability. It cannot be impeached, or its binding force ignored, by this court. As Otto v. Van Riper, 31 App. Div. 278, 52 N. Y. Supp. 773, was decided adversely to these defendants upon identically the same facts, it is plain they could not get the surrogate's decree modified.

The rejection of oral evidence as to the form of deposit was proper. Defendants had put the bank book in evidence, but it is not included in the record. The question as to whom the deposit belonged was improper. The deposit book showed who was the owner of the fund, and oral testimony was incompetent. In the Otto Case the ownership of the fund was the vital point litigated.

The exceptions to the admission of Exhibits C and D cannot be considered. They are not included in the record.

We have examined the other exceptions, and agree with the learned trial judge that the evidence offered was clearly immaterial and irrelevant.

Judgment appealed from affirmed, with costs.

HASCALL, J., concurs.