EBERLE v. SCHILLING et al.

(Supreme Court, Appellate Term. July 6, 1900.)

JUDGMENT AGAINST GUARDIAN—CONCLUSIVENESS AS TO SURETIES.

Code Civ. Proc. § 2849, providing for settlement of a guardian's accounts on petition by him, and that his sureties may be cited therein, has no application to a proceeding by the ward; and the sureties are, in the absence of fraud, bound by a judgment against the guardian in such proceeding, though not made parties thereto.

Appeal from city court of New York, general term.

Action by Matilda Mary Eberle against John H. Schilling and others. From a judgment of the general term affirming a judgment in favor of plaintiff (63 N. Y. Supp. 963), defendants appeal. Affirmed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

J. Wilson Bryant, for appellants.

Powell & Cady, for respondent.

PER CURIAM. The case contains no certificate that it includes all the evidence, and it is apparent upon inspection that certain exhibits read on the trial are omitted. Nor did the defendant move to set aside the verdict and for a new trial, or except to the direction of a verdict in favor of the plaintiff, or ask to go to the jury upon any question of fact. We are therefore confined to an examination of the exceptions taken in the course of the trial. The only exceptions that require consideration are those taken to the admission of the surrogate's decree of September 26, 1895, fixing the amount due to the plaintiff from John H. Schilling, the guardian, for whom the defendants Bryant and Van Riper were sureties. It is objected that this decree was not conclusive upon them, because they were not cited or made parties to the proceedings. The accounting was an involuntary one, founded upon the petition of the ward. Assuming that the decree was free from fraud, there can be no doubt that it bound the sureties, because by their contract of suretyship they are privy to proceedings against their principal, and when he is concluded, they, in the absence of fraud or collusion, are concluded also. Casoni v. Jerome, 58 N. Y. 315; Douglass v. Ferris, 138 N. Y. 192, 33 N. E. 1041. It is only in cases in which the accounting is founded upon the guardian's petition that it is necessary to cite his sureties. Code Civ. Proc. § 2849. There is nothing in the case to suggest fraud or collusion in the procurement of the decree. The facts upon which the defendants Bryant and Van Riper sought to escape responsibility were before the appellate division in Otto v. Van Riper, 31 App. Div. 278, 52 N. Y. Supp. 773, and their liability was determined. That decision is conclusive of the question, so far as this court is concerned. There was nothing in the several orders made by the surrogate after the entry of the decree which affected its binding force upon the defendants. They were permitted to come in and file objections to the guardian's account, but such permission did not modify or vacate the decree. The objections they did file, even if true, did not tend to reduce in any way the amount to

be found due from the guardian to the plaintiff, but merely suggested reasons why they (the bondsmen) should not be required to make good the amount. No such question was before the surrogate on the accounting. The sole issue before him was as to the amount which the guardian owed to his ward. The question as to the liability of the sureties for the amount so found due could be determined only in an action upon the bond. Hence the order of March 5, 1896, referred to in the case, but not printed, which apparently undertook to determine the question of the sureties' liability, would have been ineffectual to protect them, even if it had not subsequently been vacated by the surrogate by the order of April 6, 1896. Our conclusion is that the decree of September 26, 1895, stating the account of John H. Schilling, the guardian, and determining the amount due from him to the plaintiff, was conclusive upon the defendants Bryant and Van Riper, his sureties, as to the amount due to the plaintiff, and that the reasons urged upon us why they should be relieved of liability are invalid.

The judgment must therefore be affirmed, with costs.