### PARKER v. DOMINICK et al.

(Supreme Court, Appellate Division, First Department. June 16, 1905.)

GUARDIAN—SURETY—DEATH OF GUARDIAN—ACCOUNTING—EQUITY.

> Where a guardian appointed in the state died insolvent in another state, and there were no assets in the state, so that no administration could be had, equity had jurisdiction to ascertain the amount due from the guardian, and to compel the sureties to pay any balance.

Appeal from Special Term, New York County.

Suit by Charles E. Parker against Emma Dominick and another, as executors of George J. Dominick, deceased. From an order striking the case from the Special Term calendar, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

Samuel Keeler, for appellant.
J. C. Thomson, for respondents.

INGRAHAM, J. The action was brought to recover upon a bond given by the defendants' testator as surety for one Seymour V. Parker, who had been appointed a general guardian of the person and property of the plaintiff, then an infant, by the Surrogate's Court of the county of New York. The complaint alleges that, after the guardian had been appointed and received the money, he appropriated it to his own use, and then removed from this state, and became a resident of the state of Connecticut, where he died on December 17, 1900, a resident of that state, insolvent, leaving no estate or property of any kind in the state of New York; that his estate had been administered upon in the state of Connecticut by his widow, as administratrix, from whom the plaintiff had received a dividend of $70; that it is impossible to obtain letters of administration on the estate of the said Seymour V. Parker in the state of New York, and impossible for the plaintiff to obtain an account and judicial statement and settlement of the accounts of said Parker as guardian; and that the plaintiff became of age on the 6th day of March, 1901. The complaint demands that it be adjudged that there was due to the plaintiff from said Parker, as guardian, the

sum of $1,527.75 and interest, less the $70 received from the estate of said Parker in Connecticut, and that the defendants, as executors of the surety, be decreed to pay to the plaintiff that sum.

In Otto v. Van Riper, 31 App. Div. 278, 52 N. Y. Supp. 773, affirmed in 164 N. Y. 536, 58 N. E. 643, 79 Am. St. Rep. 673, we held (following Bischoff v. Engel, 10 App. Div. 242, 41 N. Y. Supp. 815) that where an administrator died in a foreign state, wholly insolvent, without having accounted, and where no representative of the deceased trustee had been appointed in this state, equity would intervene and furnish a remedy; that no accounting was necessary; and that an action in equity to recover of the surety without such an accounting could be maintained. We there said:

"We think a court of equity had power to determine the liability of the guardian, and in the same action enforce. the obligation of the sureties upon the bond; and upon the facts as found by the learned trial judge, sustained by the evidence, we think the defendants [the sureties] were liable."

At law the surety was not responsible until after a settlement of the guardian's accounts, and a refusal to comply with a decree requiring the guardian to pay the balance found due to his ward; but where such an accounting before the surrogate who appointed the guardian is impossible because of the insolvency and death of the guardian, and where, in consequence of there being no assets, no letters testamentary or of administration could be obtained in this state, a court of equity will take jurisdiction, ascertain the amount due from the guardian, and compel the sureties to pay. Such an action being solely cognizable in a court of equity, the action was triable at Special Term.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the action restored to the Special Term calendar for trial. All concur.